Clarence William JONES, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 19362.

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 12, 1965.

Decided Nov. 29, 1965.

Mr. Odell Kominers, Washington, D. C., (appointed by this court) for appellant.

Mr. Allan Palmer, Asst. U. S. Atty., for appellee. Messrs. John C. Conliff, Jr., U. S. Atty. at the time the brief was filed, Frank Q. Nebeker, Harold H. Titus, Jr., Asst. U. S. Attys., and Edwin C. Brown, Jr., Asst. U. S. Atty., at the time the record was filed, were on the brief for appellee. Mr. David C. Acheson, U. S. Atty., at the time the record was filed, also entered an appearance for appellee.

Before BAZELON, Chief Judge, and DANAHER and WRIGHT, Circuit Judges.

PER CURIAM:

Appellant was convicted on charges of possession and sale of narcotics. On this appeal he challenges the trial court's denial of his motion to suppress narcotics which he alleges were seized pursuant to an invalid search warrant. He asserts that the affidavit of two narcotics agents submitted to the Commissioner did not disclose probable cause for issuance of the warrant.

The affidavit recited that a confidential informant, "whose reliability has been proven in the past," told the agents that appellant was selling heroin at his apartment at the second floor, front, 11 Randolph Place, N. W.; that the agents met with the informant and, after searching him and finding him free of narcotics, furnished him with Official Government Advance Funds to purchase narcotics from appellant at his apartment;

that the informant was observed by the agents to enter 11 Randolph Place, N. W., without meeting anyone en route, and was then observed by them to emerge, surrendering to the agents what tests showed was a narcotic substance; that the informant told the agents that he had purchased the narcotics from appellant in the second floor front apartment at 11 Randolph Place; and that the informant identified appellant from a police photograph as the person from whom he had made the purchase. On the basis of this affidavit, a search warrant was issued for narcotics and narcotics paraphernalia in "second floor, front, 11 Randolph Place."

▮▮ When an affidavit is "based on hearsay information * * * the magistrate must be informed of [1] some of the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were, and [2] some of the underlying circumstances from which the officer concluded that the informant * * * was 'credible' or his information 'reliable.'" Aguilar v. State of Texas, 378 U.S. 108, 114, 84 S.Ct. 1509, 1514, 12 L.Ed.2d 723 (1964). The first sort of circumstances were clearly presented in the affidavit. And the agents' observation of the informant entering 11 Randolph Place, N. W., without narcotics and emerging with narcotics in his possession and his identification of appellant's photograph

provided bases for the agents to "credit" the information that appellant was selling narcotics in the second floor, front, thus satisfying the second *Aguilar* requirement. While it would have been preferable if the affidavit had also detailed the basis for the agents' conclusion that the informant had proved reliable in the past, its failure to do so does not preclude probable cause in light of the substantial "crediting" circumstances.

Recital of some of the underlying circumstances in the affidavit is essential if the magistrate is to perform his detached function and not serve merely as a rubber stamp for the police. However, where these circumstances are detailed, where reason for crediting the source of the information is given, and when a magistrate has found probable cause, the court should not invalidate the warrant by interpreting the affidavit in a hypertechnical, rather than a commonsense, manner. * * [T]he resolution of doubtful or marginal cases in this area should be largely determined by the preference to be accorded to warrants. [United States v. Ventresca, 380 U. S. 102, 109, 85 S.Ct. 741, 746, 13 L. Ed.2d 684 (1965).]

For the foregoing reasons, appellant's conviction must be affirmed.

So ordered.