**Jesse SILER, Jr., Appellant,**

v.

**UNITED STATES, Appellee.**

No. 3844.

District of Columbia Court of Appeals.

Argued Oct. 25, 1965.

Decided Dec. 23, 1965.

Rehearing Denied Jan. 13, 1966.

Peter R. Sherman (appointed by this court), Washington, D. C., for appellant.

Allan M. Palmer, Asst. U. S. Atty., with whom John C. Conliff, Jr., U. S. Atty., and Frank Q. Nebeker, Asst. U. S. Atty., were on the brief, for appellee.

Before HOOD, Chief Judge, and QUINN ond MYERS, Associate Judges.

QUINN, Associate Judge:

Appellant was arrested on a charge of narcotic vagrancy when police officers found him in an apartment containing narcotic paraphernalia. The officers had entered the apartment pursuant to a search warrant issued by the United States Commissioner on the basis of information supplied in an affidavit. The affidavit recited that "previously reliable" sources of information told the affiant (a detective on the Narcotics Squad of the Metropolitan Police) that appellant and others were selling narcotics out of a certain apartment on N Street, that the affiant had personally observed that a narcotics purchase took place in the building in question, and that the suspects had been involved with narcotics in the past.

Appellant contends that this affidavit was insufficient to establish probable cause under the Supreme Court's decision in Aquilar v. State of Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). Specifically, he alleges that the affidavit did not disclose any "underlying circumstances" for the affiant's belief in the credibility or reliability of the informants. A reading of the affidavit, however, convinces us that it contained ample information on the subject, setting forth not only the fact that the informants had proved reliable in the past but also the personal observations of the officer and his knowledge that the suspects had committed similar offenses previously. In the recent case of Jones v. United States, D.C.Cir., 353 F.2d 908 (decided November 29, 1965), the United States Court of Appeals upheld the sufficiency of an affidavit which was substantially the same as the one before us. Perry v. United States, 118 U. S.App.D.C. 360, 336 F.2d 748 (1964), cited by appellant, is not authority for the propo-

sition that such an affidavit is insufficient to establish probable cause. There the court merely ruled that counsel's inquiry into the "underlying circumstances" should not be restricted at trial.

Affirmed.