THE STATE OF MONTANA, PLAINTIFF AND RESPONDENT, *v.*
CAROLYN ANNE TROWBRIDGE, DEFENDANT AND APPEL-
LANT.

No. 12000.
Submitted June 18, 1971.
Decided July 26, 1971.
487 P.2d 530.

Robert J. Campbell, argued, Missoula, for defendant and appellant.

Robert L. Woodahl, Atty. Gen., J. C. Weingartner, argued, Asst. Atty. Gen., Helena, Robert Deschamps, County Atty., Missoula, for plaintiff and respondent.

MR. CHIEF JUSTICE JAMES T. HARRISON delivered the Opinion of the Court.

This is an appeal by defendant Carolyn Anne Trowbridge from her conviction in the District Court of Missoula County of the crime of possession of dangerous drugs, a violation of section 54-133, R.C.M.1947.

The record discloses that on July 11, 1970, the defendant arrived at the Missoula County Airport, traveling under the assumed name of Miss S. Schreffler. She had boarded a Western Airlines plane earlier that day at Phoenix, Arizona, checked a piece of luggage and received baggage claim tag No. WA 09-92-11. She changed planes in Denver, Colorado. In Denver the handle with the baggage tag became detached from the suitcase. As a result an airline employee opened the suitcase in an effort to establish its ownership. His investigation revealed that over 20 pounds of marijuana was contained in the suitcase.

Later, another airline employee found the suitcase handle and baggage tag and determined that the suitcase was registered to Miss S. Schreffler, who had already departed for Missoula on Flight No. 522. Law enforcement personnel at Missoula were notified of the drug transportation. When the plane arrived in Missoula it was under surveillance by law enforcement personnel.

After the plane arrived in Missoula the defendant, accompanied by two male companions, went to the ticket counter and presented to Robert G. Bricker, station manager for Frontier Airlines, a ticket jacket containing the ticket and baggage claim tag. Since the baggage had not arrived, the agent made out a "lost baggage" claim form and defendant described the lost

bag as a large Samsonite, dark grey in color, which carried no initials or name tag. The address and telephone number left on this baggage claim form was that of Bruce Bennett. Thereafter, the station manager, after conferring with law enforcement personnel, advised defendant that her suitcase would arrive on an evening flight.

That evening at approximately 11:45 p.m. and prior to the arrival of the plane carrying the suitcase, one of the officers conducting the surveillance observed Bruce Bennett at the airport. The plane arrived shortly thereafter, the suitcase was identified by the airport manager to the law enforcement personnel and they waited for the suitcase to be claimed. Bruce Bennett approached it, checked the number on the suitcase with the baggage tag which he had in his hand, and took possession of the suitcase. He was immediately approached by the officers, the suitcase was searched, contents examined, and Bennett was arrested. When the officers and Bennett left the airport terminal they heard the engine of a motor vehicle start. One of the officers ran to the vehicle which had started forward, and told defendant who was driving the automobile, to stop the car. Defendant was then arrested. The vehicle which defendant started was owned by Bruce Bennett.

But one issue is presented for review, whether or not the evidence presented was sufficient to justify and sustain the conviction of defendant of having in her possession and control a dangerous drug.

The testimony of Mr. Bricker that defendant presented him with the passenger copy of her flight ticket, together with the baggage claim tag, is in and of itself sufficient to establish possession within the meaning of the statute.

In United States v. Gitlitz, 368 F.2d 501 (2nd Cir. 1966), the court affirmed a lower court's finding of Gitlitz's constructive possession of contraband as evidenced by his possession of the bill of lading controlling the locker which contained the contraband.

530

Thus possession of the baggage claim tag in the instant case constitutes constructive possession of the contraband. It was the presentation of the baggage claim tag which prompted the lost baggage report to be filed by Mr. Bricker.

As this Court has previously pointed out in State ex rel. Glantz v. District Court, 154 Mont. 132, 140, 461 P.2d 193, 198:

"To justify a conviction of unlawful possession of a prohibited article, there must be proof of actual control and management of the thing prohibited."

The baggage tag presented by defendant to Mr. Bricker evidenced such control.

Defendant argues that at no time was the suitcase in her possession, but was in the possession of the airline and Mr. Bennett, who was arrested at the airport when he claimed the suitcase. Exclusive, immediate personal possession is not essential to establish constructive possession.

This Court recognized the doctrine of constructive possession in State ex rel. Galyan v. District Court, 156 Mont. 523, 480 P.2d 840, wherein we said:

"The Court now being advised in the premises, we recognize that constructive possession may be sufficient but it becomes a question of fact, under proper instructions, for the jury as to whether or not there is constructive possession or any possession."

Certainly there is constructive possession when the goods though not in the actual physical possession, but the person charged with possession has dominion and control over the goods. See State v. Callahan (Wash.1969), 459 P.2d 400.

Defendant further argues the inferences that the suitcase was hers; that she had checked it; and, had knowledge of the contents are not supported by the evidence. However, the defendant had the baggage claim tag and identified the type of suitcase it was for the lost baggage claim form; further, defendant was traveling under an assumed name, all of which support such inferences.

The law is set forth by the Colorado Supreme Court in the case of Petty v. People, 167 Colo. 240, 447 P.2d 217:

"However, a conviction for possession may be predicated upon circumstantial evidence. Mickens v. People, 148 Colo. 237, 365 P.2d 679. A conviction of illegal possession may be based upon evidence that the marijuana, while not found on the person of the defendant, was in a place under his dominion and control. Duran v. People, 145 Colo. 563, 360 P.2d 132; Gonzales v. People, 128 Colo. 522, 264 P.2d 508. If possession is established, knowledge of the character of the drug and the fact that it is possessed can be inferred therefrom. See Annot., 91 A.L.R.2d 821-26. Possession need not be exclusive and the substance can be possessed jointly by a person and another without a showing that the person had actual physical control thereof. Gallegos v. People, 139 Colo. 166, 337 P.2d 961.''

There is no doubt that defendant, at the time of her arrest, was not in actual physical control of the dangerous drugs. As noted heretofore, it is not necessary to show that defendant was in actual physical possession, or had exclusive control over the drugs. It is sufficient that it be shown by either direct or circumstantial evidence, that the defendant did have the right to exercise control over the contraband.

In view of the law and the fact situation in this case, we hold that the evidence is sufficient to sustain the conviction and the judgment is affirmed.

MR. JUSTICES JOHN C. HARRISON, HASWELL, CASTLES, and DALY, concur.