John Michael CARY *v.* STATE of Arkansas

CR 75-159                                    534 S.W. 2d 230

Opinion delivered March 22, 1976

512

*Don Langston,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *Terry Kirkpatrick,* Asst. Atty. Gen., for appellee.

JOHN A. FOGLEMAN, Justice. Appellant John Michael Cary was convicted of possession, with intent to deliver, heroin in violation of Ark. Stat. Ann. § 82-2617 (a) (1) (i) (Supp. 1975) Act 590 of 1971, as amended. It was alleged in the information that the offense occurred on January 10, 1974. Prior to trial, appellant filed a motion to suppress heroin seized in a search of premises at 1708 South "R" Street, Apt. 6, in Fort Smith pursuant to a warrant issued by the Judge of the Municipal Court of Fort Smith. The warrant was issued upon an affidavit made by Sgt. Bill Reather. The affidavit read substantially as follows:

> *** On the afternoon of January 5, 1974, I received information from a confidential but reliable informant

who has proved very reliable in the past. The informant told me that he had been in Apartment No. 6, 1708 South "R", in Fort Smith, Arkansas, an apartment he knew was shared by John Michael Cary and Larry Williams. The informant said while he was in the apartment the afternoon of January 5, 1974, he saw a large quantity of heroin that had been broken down into small packages called "quarter-T's." That on January 2, 1974, affiant was working with this same confidential and reliable informant. On that date informant told me that John Michael Cary had some heroin and was selling it from his apartment. On January 1, after talking with the informant I arranged for him to make a controlled buy of heroin from the above-described apartment. He went inside the apartment and then when he came back out he got into my car and gave me a small plastic bag containing a white powdery substance which was later field-tested and proved to be heroin. The informant told me that John Michael Cary and Larry Williams were both in the apartment at the time he made the buy. That on January 9, 1974, I received information from the same confidential but reliable informant that he had been in the apartment of John Michael Cary and Larry Williams that day and he personally observed a large quantity of heroin that had been broken down into small packages called "quarter-T's." That recently Captain Rivaldo of the Narcotics Unit of the Fort Smith Police Department interviewed John Michael Cary and Cary told him that he was living in Apartment No. 6 at 1708 South "R" in Fort Smith, Arkansas. Based on the above the affiant has reason to believe that heroin and other dangerous drugs are now being stored on the premises known as Apartment No. 6, 1708 South "R", Fort Smith, Arkansas, the residence of John Michael Cary.

Appellant contends that the affidavit was defective in that it contains no statement of facts from which the magistrate could conclude that the unidentified informant was reliable.

In testing an affidavit for a search warrant, the issuing magistrate must render a judgment based upon a common

sense reading of the entire affidavit and great deference should be shown his determination. *Spinelli* v. *United States*, 393 U.S. 410, 89 S. Ct. 584, 21 L. Ed. 2d 637 (1968). The sufficiency of the affidavit might indeed be subject to question, were it not for the fact that the earliest report made by the informant to the police officer was the result of the "controlled buy." The officer's relating the facts pertaining to that incident certainly gave the magistrate advice of underlying circumstances from which the officer concluded that the informer was reliable, so that the magistrate did not have to depend only upon the officer's suspicion, belief or conclusion. The magistrate's determination then, not being based simply upon the officer's conclusion, was sufficient to support the issuance of the warrant. *Jones* v. *United States*, 353 F. 2d 908 (D.C. Cir., 1965).

Appellant also argues that the circuit court erred in admitting testimony showing his participation in the sales of marijuana on November 22, 1971, May 3, 1972, and December 20, 1973. He first objects that the first two were too remote in time from the date he is alleged to have committed the crime for which he was charged. The matter of remoteness is addressed to the sound judicial discretion of the trial judge, which will be interfered with by a reviewing court only when it is clear that the questioned evidence has no connection with any issue in the case. *Caton* v. *State*, 252 Ark. 420, 479 S.W. 2d 537; *King* v. *United States*, 144 F. 2d 729 (8 Cir., 1944). We find no abuse of discretion, particularly in view of the fact that there was testimony tending to prove intervening instances during the two years between the first and the offense charged. See *Wilson* v. *State*, 184 Ark. 119, 41 S.W. 2d 764; *King* v. *United States*, supra.

Appellant next asserts that evidence of sales of marijuana should not be admitted to show intention to deliver heroin, because the sale of marijuana is a relatively minor offense, by comparison, and that marijuana is not sufficiently similar to heroin to have any relevance. His principal reliance is upon *Sweatt* v. *State*, 251 Ark. 650, 473 S.W. 2d 913. But in *Sweatt*, intent was not an issue. The defendant was there accused of the sale of LSD and based upon *Alford* v. *State*, 223 Ark. 330, 266 S.W. 2d 804, we held that the only relevancy of prior sales of marijuana would be to show that the accused,

having previously sold *drugs* was likely to do so again. But it is clearly pointed out in *Alford* that evidence of previous offenses bearing on intent is admissible. The test is not the comparative seriousness of the offenses. It is only necessary that they be similar in nature to the crime charged. *Wood* v. *State*, 248 Ark. 109, 450 S.W. 2d 537; *Wilson* v. *State*, supra. There was sufficient similarity here. See, *People* v. *Tabb*, 137 Cal. App. 167, 289 P. 2d 858 (1955).

Another alleged error is the denial of appellant's motion for a mistrial when a witness called by him mentioned on cross-examination that appellant was on parole at the time of the alleged offense. The answer was not in any way responsive to the prosecuting attorney's question. The witness did not finish the answer before he was interrupted by the objection. The circuit judge admonished the jury not to consider the statement as evidence of appellant's guilt. Appellant relies on cases from other jurisdictions as authority that an admonition is not sufficient to eliminate prejudice to a defendant arising from an injection into the trial of evidence of his prior criminal record. We have left the matter of deciding whether prejudice of improper evidence may be removed by an admonition largely to the discretion of the trial judge. The only alternative to the admonition was the declaration of a mistrial, a drastic remedy to be resorted to only when the prejudice is so great that it cannot be removed by an admonition. *Hathcock* v. *State*, 256 Ark. 707, 510 S.W. 2d 276. See also *Yarbrough* v. *State*, 257 Ark. 732, 520 S.W. 2d 227; *Hill* v. *State*, 255 Ark. 720, 502 S.W. 2d 649; *Parrott* v. *State*, 246 Ark. 672, 439 S.W. 2d 924. We find no abuse of discretion in this connection.

The question of the sufficiency of the evidence to sustain the court's denial of appellant's motion for directed verdict has required us to examine the testimony rather closely because it was so cryptically abstracted, and there are many references to testimony in the state's brief not disclosed by appellant's abstract. The manager of the apartment where the heroin was found pursuant to the search warrant previously mentioned testified that he rented the apartment in which the heroin was found to Susan Walker on December 15, 1973 for six months, for occupancy by three persons, one

of whom was represented to be her husband.[1] The "husband" was the appellant but he was known to the manager as John Walker. The manager saw him about the premises during the first week in January, 1974. He had collected rent from appellant on December 20, 1973. On December 21, 1973, appellant had told Capt. Rivaldo of the Fort Smith Police Department that he lived at this apartment. The other occupant of the apartment was Lawrence Williams. Williams, called as a witness by appellant, testified that this apartment was not his permanent residence and that he only stayed there "off and on."

When the search was conducted, only Williams and Susan Walker were present. The heroin was found in small plastic bags inside a small plastic box folded in a rug, blanket or tapestry on top of a bedroom closet shelf. Sgt. Reather, one of the searching officers, found a glove in the closet. This glove bore appellant's name. Personal papers belonging to appellant were found in other rooms in the apartment. When the officers entered the apartment, Susan Walker was in another bedroom. Williams told the officers that he had been sleeping on the couch in the living room.

Williams testified that he was the owner of the heroin and that appellant has never possessed it. He said that appellant had used heroin from the supply in his (Williams') possession and had, on one occasion, "picked up the money" paid for the marijuana Williams had sold. He also testified that Cary had left for Fayetteville in the daytime just preceding the "raid," which took place after 1:00 a.m. Williams stated that he saw appellant after the search and that appellant, knowing that the police were looking for him, asked if Williams had been caught with any heroin and if Williams had charged the officers for the heroin sample used for analysis. Williams also testified that "whenever John left he told me that he was not going to wait around to go to trial." He stated that others purchased heroin from him at the apartment.

---

[1] Larry Williams, a witness called by appellant, testified that the couple were not married, but that Susan Walker was one of appellant's many girlfriends.

Of course, in determining whether the evidence of appellant's guilt was substantial, it, with all reasonable inferences to be drawn from it, is viewed in the light most favorable to the state. *Rogers* v. *State*, 257 Ark. 144, 515 S.W. 2d 79. When it is, we cannot say that the inference that appellant had joint or constructive possession of the heroin is unreasonable. Either is sufficient. *Smith* v. *United States*, 385 F. 2d 34 (5 Cir., 1967); *Hernandez* v. *United States*, 300 F. 2d 114 (5th Cir. 1962); *State* v. *Villavicencio*, 108 Ariz. 518, 502 P. 2d 1337 (1972); *State* v. *Trowbridge*, 157 Mont. 527, 487 P. 2d 530 (1971); *State* v. *Bellam*, 225 La. 445, 73 S. 2d 311 (1954); *People* v. *McDaniel*, 154 Cal. App. 2d 475, 316 P. 2d 660 (1957). See Annot, 56 ALR 3d 948 (1974). Constructive possession of a controlled substance means knowledge of its presence and control over it. *State* v. *Montoya*, 85 N. M. 126, 509 P. 2d 893 (1973). See also, *People* v. *Bock Leung Chew*, 142 Cal. App. 2d 400, 298 P. 2d 118 (1956). Neither actual physical possession at the time of arrest nor physical presence when the offending substance is found is required. *People* v. *McDaniel*, supra; *People* v. *Bock Leung Chew*, supra. As a matter of fact, neither exclusive nor physical possession is necessary to sustain a charge if the place where the offending substance is found is under the dominion and control of the accused. *State* v. *Trowbridge*, supra; *Hernandez* v. *United States*, supra; *State* v. *Hunt*, 91 Ariz. 149, 370 P. 2d 642; *People* v. *Bretado*, 178 Cal. App. 2d 465, 3 Cal. Rptr. 216 (1960); *People* v. *Yeoman*, 261 Cal. App. 2d 338, 67 Cal. Rptr. 869 (1968). It was reasonable for the jury to infer from the evidence that the premises were under appellant's dominion and control. *People* v. *McDaniel*, supra. In *People* v. *Williams*, 95 Cal. Rptr. 530, 485 P. 2d 1146 (1971), the Supreme Court of California said:

> *** Constructive possession occurs when the accused maintains control or a right to control the contraband; possession may be imputed when the contraband is found in a place which is immediately and exclusively accessible to the accused and subject to his dominion and control, or to the joint dominion and control of the accused and another. (*People* v. *Francis*, supra, 71 Cal. 2d 66, 71, 75 Cal. Rptr. 199, 450 P. 2d 591).

The elements of unlawful possession may be established by circumstantial evidence and any

reasonable inferences drawn from such evidence. **\***

See also, *State* v. *Villavicenio,* supra; *Sewell* v. *United States,* 406 F. 2d 1289 (8th Cir. 1969). The evidence is sufficient if it is shown, either by direct or circumstantial evidence, that the accused had the right to exercise control over the contraband substance. *State* v. *Trowbridge,* supra; *Hernandez* v. *United States,* supra. The offense, and its elements, may be proved by circumstantial evidence. *Smith* v. *United States,* supra; *Hernandez* v. *United States,* supra; *People* v. *Haynes,* 253 Cal. App. 2d 1060, 61 Cal. Rptr. 859 (1967); *People* v. *Yeoman,* supra. See Annot, 56 ALR 3d 948, 953. The evidence of the circumstances is sufficient basis for a reasonable inference that appellant knew of the presence of the heroin and that he had the right to exercise, at least, joint dominion and control of it. See *People* v. *Bretado,* 178 Cal. App. 2d 465, 3 Cal. Rptr. 216 (1960). When the evidence of possession is purely circumstantial, there must be some factor, in addition to joint occupancy of the place where narcotics are found, linking the accused with the narcotic in order to establish joint possession. *People* v. *Davenport,* 39 Mich. App. 252, 197 N.W. 2d 521, 56 ALR 3d 942 (1972). See also, *State* v. *Hunt,* supra; Annot, 56 ALR 3d 948, 957 and cases cited. But it was not necessary to show that appellant had exclusive possession of either the apartment or the bedroom closet where the heroin was found. Annot, 56 ALR 3d 948, 956 and cases cited. The finding of appellant's glove in the closet might not have been sufficient to furnish this link, but when this factor is coupled with evidence that appellant used heroin from the stock kept on the premises and that sales were made there, and the remarks of appellant to Williams after the search, there were sufficient circumstances from which it was reasonable for a jury to draw the inference that appellant had joint possession of the substance, even though that possession might have been constructive. See *State* v. *Weiss,* 73 Wash. 2d 372, 438 P. 2d 610 (1968); *People* v. *Haynes,* supra. See Annot, 56 ALR 3d 948, 854.

Finally, appellant mounts a three-pronged attack on Ark. Stat. Ann. § 82-2624 (Supp. 1975) which he labels as the Habitual Drug Offender Statute. He first contends that it is unconstitutional because it does not provide a procedure for its administration or prescribe the type of evidence admissi-

ble to prove the convictions as does the Habitual Criminal Act [Ark. Stat. § 43-2328 et seq. (Repl. 1964 and Supp. 1975)]. For some reason, appellant complains of this omission and simultaneously argues that the court denied him due process of law by utilizing the procedures outlined for application of the Habitual Criminal Act in Ark. Stat. Ann. § 43-2330, 2330.1 (Repl. 1964 and Supp. 1975).

Appellant has not furnished us with any citation of authority in support of his contentions. We find no merit in them. There are other statutes providing for enhancement of punishment for second of subsequent convictions. See, e.g., Ark. Stat. Ann. § 75-1029.4 (Supp. 1975). We simply do not find any basis for declaring Ark. Stat. Ann. § 82-2624 unconstitutional and cannot see how appellant has been deprived of due process of law by the circuit court's patterning its procedures for fixing punishment after those provided in the Habitual Criminal Act.

Long ago, we held that statutes providing for increased penalties when an offense is committed by a prior offender are valid. *Wolf* v. *State,* 135 Ark. 574, 206 S.W. 39. See also, *Ferguson* v. *State,* 249 Ark. 138, 458 S.W. 2d 383. But if the court in this case had permitted evidence of previous convictions to be admitted during the trial and before the jury had arrived at a verdict of guilty of the offense charged, it might well have deprived appellant of a fair trial under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution. See *Miller* v. *State,* 239 Ark. 836, 394 S.W. 2d 601. There we held the procedure followed in applying a habitual criminal act unconstitutional but not the act. We prescribed procedures to insure the defendant a fair trial, but which would, under certain circumstances, permit a separate hearing on prior convictions and an increase of punishment on account thereof. Subsequently procedures more nearly like those proposed in a dissenting opinion were adopted by the legislature. Ark. Stat. Ann. § 43-2330.1 (Supp. 1975). We have long upheld the procedure and see no reason why following it in this case did not adequately prevent prejudice to appellant.

One facet of appellant's argument in this connection is directed toward the court's refusal of his requested instruc-

tion No. 2. The basis of this objection was actually the court's refusal to present the penalty stated for a first offense, which was also the ground for his objection to Court's Instruction No. 5. For the reasons heretofore stated, we find no merit in this argument.

Appellant feels that there was error in the admission of testimony of a prior conviction through the testimony of the Circuit Clerk of Sebastian County. As custodian of all records of the Circuit Court of Sebastian County, he testified that among them was a penitentiary commitment of John Michael Cary for a term of five years for violation of Act 590 of 1971, as amended. He testified that the commitment contained a statement that it was a true and perfect transcript of the judgment. The only objection made in the trial court was that the judgment itself was not introduced. However, appellant argues here that even if the trial court did not err in following procedures outlined in the Habitual Criminal Act, this evidence was not admissible. But we have heretofore recognized that Ark. Stat. Ann. § 43-2330 simply provides that properly certified copies of certain documents are prima facie evidence of prior convictions but does not exclude other methods of proof of prior convictions. *Parker v. State*, 258 Ark. 880, 529 S.W. 2d 860 (1975). When the statutory method for proving prior convictions is not exclusive, they may be shown in accordance with common law rules or by any otherwise competent evidence. *People v. McIntyre*, 163 N.Y.S. 528, 35 N.Y.Cr. 413, 99 Misc. 17 (1917); *People v. Hill*, 67 Cal. 2d 105, 60 Cal. Rptr. 234, 429 P. 2d 586 (1967). In *Parker* we held that a penitentiary commitment which contained a transcript of the judgment of conviction was admissible in evidence. We have also held that the testimony of the circuit clerk that the accused had been convicted of the first offense of drunken driving was admissible in a prosecution for a second offense. *Atha v. State*, 217 Ark. 599, 232 S.W. 2d 452. Later, we held that testimony of a circuit court clerk as to the contents of official records was sufficient to support a habitual criminal conviction. *Ellingburg v. State*, 254 Ark. 199, 492 S.W. 2d 904. We find no error in admitting the evidence in this case.

Since we find no error, the judgment is affirmed.