Winfred MOSER *v.* STATE of Arkansas

CR 79-25                                          583 S.W. 2d 15

Opinion delivered June 25, 1979
(In Banc)

*Barron, Coleman & Barket,* for appellant.

*Steve Clark,* Atty. Gen., by: *Alice Ann Burns,* Asst. Atty. Gen., for appellee.

JOHN I. PURTLE, Justice. On February 7, 1978, appellant was convicted of the crime of Possession of Marijuana with Intent to Deliver. This was a retrial after having a previous conviction reversed by this Court and remanded for a new trial. The information alleged appellant committed the offense sometime in October or November 1975 in Independence County Arkansas. Upon a finding of guilt the jury fixed appellant's punishment at 5 years and a fine of

$10,000. From the conviction and sentence appellant brings this appeal.

## THE TRIAL COURT ERRED IN ADMITTING TESTIMONY REGARDING A CRIMINAL OFFENSE THAT ALLEGEDLY OCCURRED SEVERAL MONTHS PRIOR TO THE OFFENSE CHARGED IN THE CRIMINAL INFORMATION.

The state's witnesses testified the alleged offense occurred sometime in December 1975 or January 1976. The information alleged the offense was committed in October or November of 1975. Witness Cox testified relative to a transaction wherein appellant sold him marijuana in June of 1974. This date was about 18 months prior to the offense for which appellant was being tried. Cox further stated he never did see appellant with marijuana but others had told him about it. The court sustained the objection to the hearsay but overruled the objection about the alleged offense in 1974 as going to show intent. The witness also testified he worked for appellant and was promised some marijuana for it and subsequently found marijuana in the glove compartment of his car. This incident apparently took place about July 1976. There were several other questions put to this witness relating to prior dealings of appellant in marijuana trade but no definite dates were given. The prosecuting attorney also asked the following questions:

Q. Do you recall telling me and these investigators in the Lawrence County Law Library in the Courthouse, Walnut Ridge, Arkansas, on August 16, 1976, that in the spring of that year Winfred Moser, when he would be drinking or would be high, that he would brag to you about how much money he was making selling marijuana, and that he would tell you that he wasn't about to get caught because he was too smart for them?

A. I don't remember that.

Q. And that the law wasn't going to catch him because he was too sharp? Aren't those the words you told me over there that day?

A. I don't remember.

Although the court sustained appellant's objection to the above two questions, the jury was not instructed regarding the testimony. Cox further testified he did other work for appellant and was paid in money and "pot". The dates of these alleged crimes were never revealed.

The prosecutor also asked witness McGuire the following question:

Q. Miss McGuire, when, if ever, did Winfred Moser tell you where he was getting marijuana?

Objection to this question was sustained. However, the objection to the next question was overruled. The question was:

Q. Will you tell the jury whether or not Winfred Moser, while you were living here in Batesville, ever talked to you about going to Texas and getting a load of marijuana?

This witness further testified in response to the prosecutor's question that at one time she saw appellant with several pounds of marijuana and that it was in another county and probably was in 1974 or 1975 at Norfolk, Arkansas. The prosecutor then asked the following question:

Q. Do you recall going on to testify that Winfred Moser brought marijuana here to the trailer four or five times?

This type of question was repeated to other witnesses and it would only lengthen the opinion to set them all out.

The general rule is that evidence of other crimes by the accused, not charged in the indictment or information and not a part of the same transaction, are not admissible at the trial of the accused. *U.S.* v. *Moody*, 530 F. 2d 809 (8 Cir. 1976); *Clark* v. *State*, 246 Ark. 1151, 442 S.W. 2d 225 (1969); and *Alford* v. *State*, 223 Ark. 330, 266 S.W. 2d 804 (1954). The purpose for exclusion of such evidence is to determine whether the accused committed the offense charged. This

must be done to the satisfaction of the jury beyond a reasonable doubt. To allow evidence of other unrelated misconduct or crimes tends to allow the jury to be persuaded that if the accused is not guilty of the offense charged he ought to be convicted on account of the other activities. It is useless to state that such other evidence can only work to the prejudice of the accused at his present trial. When such other evidence is properly offered, it is only for the purpose of showing intent. In the present case proof of possession is presumed to be with intent. Therefore, these other alleged criminal offenses were not needed to show intent on the part of appellant. It is improper to permit evidence of other offenses if the prejudicial impact outweighs the probative value. *Moody,* supra.

We stated in *Alford,* supra:

"The issue of intent is theoretically present in every criminal case, and for that reason it is here that we are most apt to overlook the basic requirement of independent relevancy . . ."

"What has happened is that the emphasis has shifted from *evidence relevant to prove intent to evidence offered for the purpose of proving intent,* by showing that the defendant is a bad man. If this transfer of emphasis is permitted, the exclusionary rule has lost its meaning."

Also, the state's other proof was that appellant actually sold the marijuana to one Parnell. This testimony was offered into evidence and the actual delivery, if believed, further satisfied the intent problem if there were one. Thus the only purpose of the other alleged offenses and activities on the part of appellee would only serve to prove to the jury that appellant was a bad man who had dealt in marijuana for a period of years. We stated in *Rios* v. *State,* 262 Ark. 407, 557 S.W. 2d 198 (1977):

"It was clearly error for the trial court to admit the evidence of other sales or delivery of drugs to simply prove Rios made a delivery on May the 4th. Therefore, we will reverse the judgment of the trial court and remand this case for new trial."

See also *Sweatt* v. *State*, 251 Ark. 650, 473 S.W. 2d 913 (1971), wherein we stated proof of other crimes is never admitted when its only relevancy is to show that the accused is a man of bad character who is addicted to crime.

We are not unaware of the provisions of Ark. Stat. Ann. § 28-1001, Uniform Rules of Evidence, Rule 404(b) (Supp. 1977). The alleged other activities of appellant were never shown to have been a part of the present transaction nor were they related so closely in time to be of any value to the jury in determining intent in the instant case. Each case necessarily stands upon its own particular facts and circumstances. Therefore, the evidence of other crimes as presented in this case was unnecessary to prove intent and constituted reversible error.

In *Cary* v. *State*, 259 Ark. 510, 534 S.W. 2d 230 (1976), relied on by the state, we did not hold that a prior sale of a controlled substance by the defendant is always admissible to show intent when he is charged with possession of a controlled substance with intent to deliver. There we answered the arguments that were made, but we evidently considered that a true issue of fact was involved.

Here there is no such issue. The same section of the Controlled Substances Act makes it an offense to deliver a controlled substance and to possess it with intent to deliver. The punishment is the same. Ark. Stat. Ann. § 82-2617 (Supp. 1977). In the case at bar the state proved actual delivery, by testimony that the witness Parnell bought 16 bags of marijuana from the defendant Moser for $160. There could be no question about the defendant's intent, any more than there was in *Alford*, supra, a rape case cited in *Cary*, supra. In such a situation the state cannot create a fictitious issue of intent by charging possession with intent to deliver and use that device as a basis for proving prior sales of a controlled substance by the accused.

THE TRIAL COURT ERRED IN FAILING TO GRANT A DIRECTED VERDICT WHERE THE STATE FAILED TO CORROBORATE ACCOMPLICE TESTIMONY.

Appellant further argues a directed verdict should have been granted because all the evidence offered was by accomplices. We believe it was a question of fact, at least as to witness Van Drimmelen, as to whether he was an accomplice or not. We held in *Satterfield* v. *State*, 245 Ark. 337, 432 S.W. 2d 472 (1968), that whether a witness is an accomplice to a crime is, generally speaking, a question of fact for the jury. At least, if the facts are in dispute, it is a mixed question of law and fact. Therefore, we cannot say as a matter of law, as the facts were presented in this case, that Van Drimmelen was an accomplice. If he were not, then his testimony is somewhat corroborative to the others. One witness was charged as a result of the same facts and another granted immunity. These two were accomplices and a conviction on their testimony alone would have been error. Therefore, it was not error in refusing to direct a verdict in favor of appellant.

In view of our opinion on these points, we do not consider the other points as they are not likely to occur on retrial.

Reversed and remanded.

FOGLEMAN, J., concurs.

JOHN A. FOGLEMAN, Justice, concurring. I agree with the result and all that is said in the majority opinion. I should like to point out, however, that *Rowland* v. *State*, 262 Ark. 783, 561 S.W. 2d 304, is probably more directly to the point on conditions on admissibility of evidence of prior sales of controlled substances where the charge is possession with intent to deliver than *Cary* v. *State*, 259 Ark. 510, 534 S.W. 2d 230. But it is also true that there was a genuine, not fictitious, issue of fact as to intent in *Rowland*, and it was clearly recognized that relevancy may turn upon the question of remoteness in time - a matter addressing itself to the sound judicial discretion of the trial judge.