Joseph BENEDETTI v. STATE of Arkansas

CA CR 79-96                          594 S.W. 2d 61
Court of Appeals of Arkansas
Opinion delivered February 6, 1980
Released for publication February 27, 1980

*John B. Driver,* for appellant.

*Steve Clark,* Atty. Gen., by: *Dennis R. Molock,* Asst. Atty. Gen., for appellee.

MARIAN F. PENIX, Judge. On May 30, 1979 appellant Benedetti was convicted on three counts. He was sentenced to 4 ½ months on possession of marijuana which was to run concurrent with a second sentence of two years on the sale of marijuana. He was sentenced to two years on an additional sale of marijuana. The judge determined the second two year sentence was to run consecutively with the first two year sentence. Benedetti appeals.

On September 13, 1978 Jerry Roberts, a criminal investigator in the narcotics division of the Arkansas State Police, accompanied by an investigator Johnson, went to Benedetti's house to discuss a transaction involving the purchase of fifty pounds of marijuana. Benedetti gave Officer Roberts a small amount of marijuana, explaining he didn't have enough to sell. He told Roberts to return in six days to buy the fifty pounds. When Roberts returned Benedetti related he had sent the marijuana elsewhere and could let him buy only a small quantity. Roberts bought approximately one ounce and paid Benedetti $10 which amount was supposed to cover also the "gift" of marijuana received on the September 13 visit. On December 3, 1978 Roberts and Bill Gage, another State Police officer, visited Benedetti to make a large purchase. Benedetti informed them he could sell only a small amount, approximately one ounce. He told Roberts and Gage his connection in Conway had been busted. Gage paid $5 to Benedetti.

I

Benedetti contends the court erred in refusing to declare a mistrial. The appellant moved for a mistrial when Officer Roberts related:

He told us his connection had got busted, his partners had been arrested in Conway, Arkansas, with 125 pounds of marijuana. Therefore, he would not be able to sell the marijuana like he previously had arranged to do with us because his people had got busted and he said we are laying low, all the dope about is gone, he said we are not doing any business, my partners ain't doing any business, the heat is on heavy, they have got arrested, so I don't know whether they are gong to link that to me or anything, he said but my partners got busted that is why I can't . . .

Bendetti's motion for a mistrial was upon the grounds that Officer Roberts volunteered information about other crimes that were outside the questions asked by the Prosecutor and .would leave a bad impression with the jury. Appellant relies upon *Moser* v. *State,* 266 Ark. 200, 583 S.W. 2d 15 (1979), in which the Supreme Court restated the general rule that evidence of other crimes by the accused, not charged in the indictment or information and not a part of the same transaction, are not admissible. Here the incidents referred to were the arrests of persons referred to as the accused's "contacts". Such arrests certainly were relevant to the transaction between Roberts and the accused. They prevented the accused from having 50 pounds available for sale to Roberts.

We fail to find error justifying the granting of a mistrial. The presumption is in favor of the trial court's ruling on the motion for a mistrial. Benedetti has not met his burden of demonstrating error.

## II

Benedetti contends the court erred in failing to suppress an alleged confession made by Benedetti because ample notice the confession would be introduced was not given Benedetti. Also he contends a Denno hearing should have been held to determine whether or not to suppress.

We find no merit in Benedetti's contention. Benedetti has not presented any argument nor cited any authority.

Further, in reviewing the record we find there was discovery procedure. The defense attorney admits he knew the confession was in the prosecutor's file. He did not move to suppress. He also admits to having received the calendar order notifying him of Docket Day on May 8, 1979 for "arraignment, presentation of all pre-trial matters and all motions and scheduling of all cases for jury trial. Motions must be filed before Docket Day."

Benedetti contends it is the State's duty to initiate a Denno hearing even though the defense has not challenged the voluntariness of the confession.

> Ark. Stat. Ann. § 43-2105 (Repl. 1977)
> Issues of Fact — How tried — Confessions —
> Issues of fact shall be tried by a jury, provided that the determination of fact concerning the admissiblity of a confession shall be made by the court when the issue is raised by the defendant; . . .

The burden to prove the voluntariness by a Denno hearing does not become the State's unless the defense challenges the voluntariness and moves to suppress.

> Whenever the accused *offers testimony* that his confession was induced by violence, threats, coercion or offers of reward, then the burden is on the State to produce all material witnesses who were connected with the controverted confession or give adequate explanation for their absence. *Smith* v. *State,* 254 Ark. 538, 494 S.W. 2d 489 (1973)

Here the defense offered no testimony. The confession was uncontroveted. He cross-examined the police officer about the confession but never objected to the authenticity of the statements.

We find no error for which we can reverse the judgment of the lower court.

Affirmed.

WRIGHT, C.J., and HOWARD and NEWBERN, JJ., concur.

DAVID NEWBERN, Judge, concurring. The majority opinion might lead readers to conclude this court requires only that evidence of previous misconduct be "relevant" to be admissible. It was not our intent to go that far in *Price* v. *State,* 268 Ark. 535, 597 S.W. 2d 598 (1980), which we decided just last week (January 30). I believe that in any case where prior misconduct is at issue, Ark. Stat. Ann. § 28-1001, Rules 404(b) and 403 (1979), should be applied, and the probative value of evidence of previous offenses which is determined to be admissible should be balanced against whatever prejudicial impact the evidence might have.

I concur in the result reached by the majority because I believe the evidence in question here, *i.e.,* that of previous sales of marijuana made through "contacts" with suppliers is independently probative that the appellant's business was that of selling marijuana, and his intent was to sell it to the officers. Thus, one of the exeptions of Rule 404(b) is satisfied as the evidence goes at least to the intent of the accused if not to an overall plan or scheme to commit the offense with which he was charged. Balanced against this probative value, I find the prejudicial impact of the evidence to be outweighed.

Chief Judge Wright and Judge Howard join in this concurring opinion.