Nolan McCOY *v.* STATE of Arkansas

CR 80-93                                    603 S.W. 2d 418
Supreme Court of Arkansas
Opinion delivered September 8, 1980

*E. Alvin Schay*, State Appellate Public Defender, for appellant.

*Steve Clark*, Atty. Gen., by: *James F. Dowden*, Asst. Atty. Gen., for appellee.

JOHN ·F. STROUD, Justice. Appellant was convicted by a jury and sentenced to 10 years for possession of phencyclidine and sentenced to one year in the Pulaski County jail for misdemeanor possession of marijuana, with the sentences to run concurrently. He alleges three points of error on appeal, and as we agree that one of the points is meritorious, we reverse the judgment and remand the case for retrial.

A search warrant was issued by a municipal judge in Little Rock on February 9, 1979, authorizing a search for heroin of a particular apartment on Schiller Street. Appellant was taken into custody incident to the search of the apartment. The police officers found in the freezer compartment of the refrigerator a tinfoil packet containing a white powdery substance, which analysis later proved to be phencyclidine (PCP). A plastic ziplock bag containing a green vegetable matter was found in the bathroom closet lying on top of towels and this substance was later established to be marijuana. A total of 13 tinfoil packets containing a brown substance were found inside two matchboxes, which one of the officers testified appeared to be heroin and field tested to be heroin. Appellant denied any knowledge of the substances seized, but he admitted that they occasionally had "pot" parties there and that he was cleaning the floor for a "pot" party to be held that night. Although appellant was alone in the apartment at the time of his arrest, he denied it was his

residence, claiming that he only stayed there occasionally and received mail at that address.

During the booking procedures of appellant at the Little Rock Police Station, the 13 foil packets of the substance suspected to be heroin disappeared from the matchbox. The other substances had been locked up, but these were still on the desk in the interrogation room when the detective turned to answer the phone. Detective Sylvester testified that when he turned back, he saw the matchbox open, the contents removed and the appellant with his hand at his mouth. Although he did not see appellant put anything in his mouth, he testified that he saw him swallowing with his hand over his mouth. After talking with his attorney and a doctor, appellant agreed to have his stomach pumped and x-rays taken, but no trace of the heroin was found. Consequently, appellant was not charged with possession of heroin. Prior to trial, the court denied appellant's motion to suppress the admission of the drugs as evidence and also denied his motion in limine to prevent any mention of the heroin or appellant's alleged swallowing of it. Appellant was tried on September 24, 1979, convicted of possession of phencyclidine and marijuana, and sentenced to terms of imprisonment of 10 years and one year, respectively. Appellant brings this apeal, alleging that the evidence was insufficient to support his conviction, that the trial court erred in denying his motion to suppress the evidence, and that it was error to allow testimony about heroin when he was not charged with possession of heroin.

We agree with appellant's contention that his conviction should be reversed due to the prejudicial effect of the testimony concerning the substance field tested to be heroin, which was allowed into evidence by the trial court over the objections of appellant. In the present case, the trial court allowed several witnesses to testify about the heroin and its subsequent disappearance, ruling that the evidence was relevant to some knowledge or absence of mistake by appellant and therefore admissible. Ark. Stat. Ann. § 28-1001, Uniform Rules of Evidence, Rule 404(b) (Repl. 1979) provides:

Evidence of other crimes, wrongs, or acts is not admissi-

ble to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

It is well-settled that evidence of other crimes by the accused, not charged in the indictment or information and not a part of the same transaction, is not admissible at the trial of the accused. *Moser* v. *State*, 266 Ark. 200, 583 S.W. 2d 15 (1979); *Alford* v. *State*, 223 Ark. 330, 266 S.W. 2d 804 (1954). Even if the events comprising the objectionable testimony were considered to be a part of the same transaction or proof of knowledge, opportunity, etc., there are instances where evidence of other offenses should not be admitted, particularly where its prejudicial impact substantially outweighs its probative value. *U.S.* v. *Moody*, 530 F. 2d 809 (8th Cir. 1976); *Moser*, supra. Ark. Stat. Ann. § 28-1001, Uniform Rules of Evidence, Rule 403 (Repl. 1979), provides, in part:

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, . . .

Here, as there was no positive proof that appellant actually swallowed the substance or proof by laboratory analysis that it was actually heroin, we think the testimony about it was prejudicial and of little or no probative value in determining appellant's guilt of possession of the PCP and marijuana. Accordingly, we think the trial court committed reversible error in admitting this testimony, and we reverse and remand this case for retrial.

We find no merit in appellant's contention that the evidence in this record was insufficient to prove that he possessed the controlled substances, and recognizing that the evidence will not be identical on retrial, we do not elaborate on the details of appellant's contention nor our reasons for rejecting it. Appellant's remaining point of error on this apeal is that the trial court erred in failing to suppress the evidence seized in the search. We likewise decline to dwell on

this point, but we find no reversible error in the ruling of the trial court allowing the drugs seized in the search being admitted into evidence.

Reversed and remanded.