Donnie Ray SANDERS *v.* STATE of Arkansas

CR 82-72                                         639 S.W.2d 733

Supreme Court of Arkansas
Opinion delivered October 11, 1982

*James O. Fels,* for appellant.

*Steve Clark,* Atty. Gen., by: *Arnold M. Jochums,* Asst. Atty. Gen., for appellee.

JOHN I. PURTLE, Justice. The Jefferson County Circuit Court convicted appellant of rape and sentenced him to a term of 40 years. On appeal he alleges (1) the insufficiency of the evidence; (2) the trial court should have directed a verdict of acquittal; and, (3) the trial court should have granted a mistrial. We cannot agree with any of these arguments.

We first deal with the sufficiency of the evidence. The twelve year old victim testified that the appellant placed his hands between her legs and his finger penetrated her body. It is true she later said she could not say whether either his finger or his penis penetrated her body. In any event, the uncorroborated testimony of a rape victim has many times been held sufficient to uphold a conviction. *Urquhart* v. *State,* 273 Ark. 486, 621 S.W.2d 218 (1981), and *Smith* v. *State,* 277 Ark. 64, 638 S.W.2d 692 (1982). On appeal we view the matters in the light most favorable to the appellee and affirm if there is substantial evidence to support the decision. *Jones* v. *State,* 269 Ark. 119, 598 S.W.2d 748 (1980). Likewise, we have held that circumstantial evidence may be sufficient to support a conviction. *Upton* v. *State,* 257 Ark. 424, 516 S.W.2d 904 (1974). The victim also testified she was afraid and that appellant pulled her arm and threatened to kill her mother.

Appellant's second argument was that he was entitled to a directed verdict. Like appellant we agree this point needs no discussion in view of what was said under the first argument.

Lastly it is argued that the court erred in failing to grant a mistrial when a policeman testified about an independent criminal activity. The officers were called to the victim's home, which was rented by her mother, and were invited in for the purpose of arresting the appellant on a charge of rape. While in the house one officer stated: "I observed items in the bedroom that were believed to be controlled substances. Numerous seeds . . . " Appellant's counsel immediately objected and moved for a mistrial. The motion

was denied and the jury was instructed to disregard the statement regarding the observation of this evidence. Subsequently another officer testified: "I remained in the house collecting evidence on the other charge." Again, appellant's counsel objected and moved for a mistrial. The court also overruled the second motion for a mistrial. The trial court recognized the manifest impropriety of these officers voluntarily furnishing information about an alleged.crime which was not the subject of this trial. In view of the fact that the jury was admonished to disregard such testimony the first time it was mentioned and that the appellant did not request an admonition on the second happening, we cannot say the result was prejudicial error. We agree with appellant that we still rely on *Alford* v. *State,* 223 Ark. 330, 266 S.W.2d 804 (1954). We do not allow unrelated criminal acts for the purpose of showing that the accused is a person of bad character. The exceptions to this rule are too numerous to mention. We must also consider the fact that on cross-examination the appellant's attorney questioned the officer as follows:

> Question: All you did was go in and arrest a man and pick up some clothes. What exactly did you pick up. You mentioned evidence.
>
> Answer: The controlled substance that was in —
>
> DEFENSE COUNSEL: Not relevant. I move for a mistrial for that.
>
> THE COURT: You invited the question.

A mistrial is an extreme remedy and will be granted only when no other action by the court will insure a fair trial. *Cobb* v. *State,* 265 Ark. 527, 579 S.W.2d 612 (1979). We do not find that the appellant was prejudiced by the manner in which this improper evidence was handled.

Affirmed.