## Stanley LACKEY and Susan LACKEY *v.*
## STATE of Arkansas

CR 83-161                                    671 S.W.2d 757

### Supreme Court of Arkansas
### Opinion delivered July 9, 1984

*Acchione & King,* by: *Harold King;* and *Lazar M Palnick* and *Jana Cairns,* for appellant.

*Steve Clark,* Atty. Gen., by: *Theodore Holder,* Asst. Atty. Gen., for appellee.

DARRELL HICKMAN, Justice. The convictions of Stanley and Susan Lackey for rape have to be reversed because of the admission of inadmissiable and prejudicial evidence before the jury.

The trial judge first permitted the State to elicit evidence that the appellants had given marijuana to three children, aged five, six, and eleven. The judge then decided that the evidence was not admissible and admonished the jury to disregard it. The court should have granted a mistrial. For that reason the judgment is reversed and the cause remanded for a new trial.

The testimony of the victim, a sixteen-year-old who

knew the appellants, was essentially the State's case. During her cross-examination she conceded that there had been "friction" between her family and the appellants. Using this as grounds, the State endeavored to show the cause of the friction through testimony of the victim. The record reads:

VICTIM: When Stanley Joe gave my two little—

DEFENSE COUNSEL: I'm going to object, Your Honor.

PROSECUTING ATTORNEY: He asked about the friction.

[Counsel approached the bench].

DEFENSE COUNSEL: What she's about to say, I'll have to move for a mistrial. We've had a marijuana case pending here and if she goes into the marijuana case, I'm going to move for a mistrial. That's what its leading up to.

PROSECUTING ATTORNEY: He asked the question, Judge.

THE COURT: You're going to have to be careful. Go ahead. She can answer the question.

[Before the jury].

PROSECUTING ATTORNEY: . . .[W]hat caused the friction between Mr. Lackey and [victim's father]?

VICTIM: Mr. Lackey give my two little cousins and my sister some dope. My cousins were five and six and my sister was eleven.

\* \* \*

DEFENSE COUNSEL: I move for a mistrial. That is highly prejudicial. It is not involved in the rape case at all.

THE COURT: Denied.

\* \* \*

[Before the jury].

DEFENSE COUNSEL: This information is based on solely on hearsay. I renew my motion of a mistrial.

THE COURT: Your motion for mistrial will be denied.

DEFENSE COUNSEL: I would like to ask the court to give the jury a precautionary warning to disregard the testimony of [victim] since it was based on hearsay and its not personal knowledge. It has no bearing on the rape case.

PROSECUTING ATTORNEY: We don't have any objection to that, Judge.

THE COURT: I think I should.

PROSECUTING ATTORNEY: I have no objection to that.

THE COURT: Ladies and gentlemen of the jury, there has been certain testimony just presented to you involving friction between one of the defendants and [victim's father]. I'm going to advise you at this time that that testimony should be disregarded by you. What may have happened between [victim's father] and the defendant previously has no bearing on the charge of rape. It should not be considered by you at all. Just wipe it out of your minds and disregard it.

The trial court undoubtedly realized that the evidence was totally irrelevant and prejudicial and tried to correct the error with an admonition. Evidence of other crimes has long been considered the type that has no place in a trial. Ark. Stat. Ann. § 28-1001, Rule 404(b) (Repl. 1979). Since *Alford* v. *State,* 223 Ark. 330, 266 S.W.2d 804 (1954), we have

consistently held that admission ot such evidence is cause for a new trial. *Jones* v. *State,* 274 Ark. 379, 625 S.W.2d 471 (1981); *McCoy* v. *State,* 270 Ark. 145, 603 S.W.2d 418 (1980); *Patterson* v. *State,* 267 Ark. 436, 591 S.W.2d 356 (1979), *cert denied,* 447 U.S. 923 (1980); *Moser* v. *State,* 266 Ark. 200, 583 S.W.2d 15 (1979); *Rios* v. *State,* 262 Ark. 407, 557 S.W.2d 198 (1977); *Sweatt* v. *State,* 251 Ark. 650, 473 S.W.2d 913 (1971). The admonition in this case was useless, the damage having been done. *See Maxwell* v. *State,* 279 Ark. 423, 652 S.W.2d 31 (1983). The mere mention of "friction" by the defense was no reason to allow this type of evidence before the jury. The trial judge recognized that after the fact. The error can only be cured by a new trial.

The other arguments are obviously meritless. The victim's testimony provided substantial evidence of guilt. Corroboration of the victim's testimony is not required in a rape case. *Urquhart* v. *State,* 273 Ark. 486, 621 S.W.2d 218 (1981).

The attempt by the defense to introduce evidence that the victim had sexual intercourse with a third person within five days before the incident was merely an attempt to avoid the purpose of the Rape Shield Act. Ark. Stat. Ann. §§ 41-1810.1 et seq. (Repl. 1977 and Supp. 1983). The issue arose when the defense attempted to show that the victim had lied about such intercourse. A medical witness testified that sperm might live for several days, the inference being that the sperm found in the victim might not be Stanley Lackey's. Consent was not an issue, nor was the evidence admissible for purposes of impeachment. To allow it would simply mean that the Rape Shield Act could be circumvented. The defense was merely trying to manufacture a colloquy whereby it could introduce evidence of the victim's prior sexual experience. The relevance of that evidence to the issues of the case was questionable and its probative value was minimal in comparison to its prejudicial character. Ark. Stat. Ann. § 41-1810.2. The argument that the trial judge initially ruled one way with respect to the proof and later reversed himself is of no consequence. At first he allowed the victim to testify whether she had had intercourse shortly before the incident. Subsequently he ruled that if she answered, "no." then no

further inquiry could be made. The judge's first ruling was right; it was not relevant evidence.

Reversed and remanded.

HAYS, J., dissents.

DUDLEY, J., not participating.

STEELE HAYS, Justice, dissenting. There are several reasons why the trial court should not be reversed in this instance: first, because the defense initiated the issue of hard feelings between the defendant, Stanley Lackey, and the victim's father by specifically asking if there was "friction" between them. This opened the door for some response by the prosecution and we have said that that is a matter for the trial court's discretion. *Walls* v. *State,* 280 Ark. 291, 658 S.W.2d 362 (1983) and *Decker* v. *State,* 255 Ark. 138, 499 S.W.2d 612 (1973). Second, the court admonished the jury to disregard the evidence and we have held, with rare exceptions, that an admonition to the jury to disregard improper, and even prejudicial matters cures such mistakes. Of necessity, the trial court has broad discretion in these areas and we will not disturb his ruling where that discretion is not abused. *Rector* v. *State,* 280 Ark. 385, 659 S.W.2d 168 (1983) and *Cary* v. *State,* 259 Ark. 510, 534 S.W.2d 230 (1976).

Third, we have said repeatedly a mistrial is an extreme, drastic measure and to be appropriate the error must not only be irreparable, but so prejudicial that the trial cannot in justice continue. *Combs* v. *State,* 270 Ark. 496, 606 S.W.2d 61 (1980); *Johnson* v. *State,* 254 Ark. 293, 495 S.W.2d 115 (1973). Here, we are holding that the prejudice is so overwhelming that an admonition, given promptly at the request of the defense, is not sufficient and a mistrial should have been declared simply because the victim had "heard" that the defendant, Stanley Lackey, had given marijuana to her younger sister and cousins. In that connection, we ought to give the jury more credit than to think it would convict a married couple of an unspeakable crime not because it believed them guilty beyond a reasonable doubt in accordance with the court's instructions, but because of a single

comment admittedly based on hearsay that one of them had given marijuana to children, notwithstanding the judge's instructions to disregard it! There seems to be a lack of consistency in our approach. We have held in similar cases that an admonition is sufficient. In *Sanders* v. *State* 277 Ark. 159 639 S.W.2d 733 (1982), for example, a police officer testified in a rape case of having seen evidences of marijuana in the defendant's room when he arrested him, yet we held that an instruction to the jury to disregard the evidence precluded the necessity of a mistrial.

Finally, errors in the reception or rejection of evidence, to be reversible, must be shown to *substantially* affect the rights of the appealing party. Unif. R. Evid. 103. Appellant, Susan Lackey, was not even remotely connected with the evidence for which the court is reversing this case, so how can it be said her rights were substantially affected?