Thurman Louis VALUE v. STATE of Arkansas

CA CR 93-1274                                        891 S.W.2d 798

Court of Appeals of Arkansas
En Banc
Opinion delivered December 21, 1994
[Rehearing denied January 25, 1995.*]

*Jennings, C.J., and Pittman, J., would grant rehearing.

*Ralph M. Cloar, Jr.*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Brad Newman*, Asst. Att'y Gen., for appellee.

MELVIN MAYFIELD, Judge. The issue in this criminal case is whether the trial judge committed error in refusing to grant appellant's motion for mistrial when the prosecution asked one of appellant's character witnesses if he was aware of appellant's 1988 conviction for possession of cocaine. We think the motion should have been granted.

The facts are not in dispute. On February 2, 1993, detectives of the Pulaski County Sheriff's Department executed a search warrant at 1910 West 29th Street in Little Rock. They burst in upon several people, including appellant, who were in the kitchen rolling dice and gambling. A quantity of marijuana was found in appellant's sock, several rocks of crack cocaine were discovered lying loose on some money near appellant, and on the floor behind appellant was a McDonald's cup which contained plastic bags of crack cocaine. Officers testified that they observed appellant place the cup behind him. In a bifurcated jury trial, the appellant was found guilty of possession of cocaine and possession of marijuana, and he was sentenced to twenty years in the Arkansas Department of Correction for possession of the cocaine and one year in the county jail for possession of marijuana. Appellant's only argument on appeal is that the trial court erred in denying his motion for a mistrial.

The questions asked by the prosecution and the objections made by appellant's counsel, which gave rise to the motion for mistrial, are abstracted very thoroughly in the appellant's brief. Some of the questions and answers are also quoted in the argument portion of his brief. The following proceedings are disclosed by the brief.

A witness, Keith Walker, called by appellant, testified on direct examination as follows:

Q. How well do you know Thurman Value?

A. Good enough to know that he don't mess around with drugs right now. Any more now I know of.

The next important occurrence, after appellant's attorney finished his direct examination, was when the prosecuting attorney in a bench conference told the judge that on cross-examination he wanted to make further inquiry concerning the testimony that appellant "doesn't mess with drugs any more," and the judge said counsel could ask only "with respect to a time frame." The prosecutor then asked how long the witness had known the appellant and was told "about three or four months." The specific questions and answers causing the problem in this case were as follows:

Q. From today, you've known him three or four months today?

A. Yes, sir.

. . . .

Q. When did he mess around with drugs?

A. I never knew of him messing around with drugs.

Q. Were you aware that he had a previous conviction for possession of cocaine?

At this point, appellant's counsel objected and moved for a mistrial, and the matter was discussed by the court and counsel. The prosecuting attorney argued that the witness's testimony that he never knew of the appellant messing with drugs was sufficient for the State to inquire whether the witness was aware of appellant's drug conviction in 1988. Then, after the court expressed the opinion that a curative instruction might not be enough because of "the emotional impact" of the evidence about the drug conviction and that the question was a "close call," the judge said he felt the door had been opened by the testimony of the witness, and the motion for mistrial was overruled.

Appellant argues on appeal that Ark. R. Evid. 404(b) prohibits the introduction of evidence of other crimes unless it has independent relevance to the issues being tried and probative value which is not substantially outweighed by the danger of unfair prejudice. He contends that the evidence of his prior drug conviction had no independent relevance, and the danger of unfair prejudice greatly outweighed the probative value of the evidence and unfairly placed before the jury during the guilt phase of the trial the fact that appellant had a prior conviction for possession of cocaine. He says that this effectively destroyed the purpose of the bifurcated trial.

The appellee has no quarrel with appellant's law as stated, but relies upon Ark. R. Evid. 405(a) which provides:

In all cases in which evidence of character or a trait of character of a person is admissible, proof may be made by testimony as to reputation or by testimony in the form of an opinion. On cross-examination, inquiry is allowable into relevant specific instances of conduct.

■■ The appellee cites *Reel* v. *State*, 288 Ark. 189, 702

S.W.2d 809 (1986), where the Arkansas Supreme Court explained Ark. R. Evid. 405(a) as follows:

> The purpose of the cross examination of a character witness with respect to a prior offense is to ascertain the witness' knowledge of facts which should have some bearing on the accused's reputation. If the witness does not know that an accused was previously convicted of a crime, the witness' credibility suffers. If he knows it but then disregards it in forming his opinion of the accused, that may legitimately go to the weight to be given the opinion of the witness. . . .
>
> . . . By presenting a character witness an accused opens the door which would otherwise be closed. If he wants us to know what his reputation is, we must be able to determine the witness' awareness of the relevant facts.

288 Ark. at 191-92; 702 S.W.2d at 810-11 (citations omitted). And the appellee also cites *Lee* v. *State*, 27 Ark. App. 198, 770 S.W.2d 148 (1989), where we said:

> Rules 404(a)(1) and 405(a) of the Arkansas Rules of Evidence permit an accused to initiate evidence of his character or a pertinent character trait by reputation or opinion evidence. However, when he puts his character in evidence, inquiry into relevant, specific instances of conduct is allowable on cross-examination. Ark. R. Evid. 405(a). The purpose of cross-examination of a character witness is not to attack the character or credibility of the accused, but to ascertain the witness's awareness of things having a bearing on the reputation for which the witness has vouched. The only limitation this rule places on cross-examination is that the facts inquired into be relevant to the issue of character. If the witness has never heard that the accused has previously been convicted of a crime or engaged in violent misconduct, then the witness's credibility suffers. If he has heard or knows of such facts but disregards them in forming his opinion or testifying to one's reputation, that may legitimately go to the weight to be given the opinion or reputation evidence.

27 Ark. App. at 209, 770 S.W.2d at 153. Other cases cited by

appellee are *Morris* v. *State*, 300 Ark. 340, 779 S.W.2d 526 (1989); *Clark* v. *State*, 292 Ark. 69, 727 S.W.2d 853 (1987); *Wilburn* v. *State*, 289 Ark. 224, 711 S.W.2d 760 (1986); and *Barker* v. *State*, 21 Ark. App. 56, 728 S.W.2d 204 (1987).

We have no quarrel with the cases cited by the appellee; however, we think — under the exact circumstances involved in this case — the trial court erred in not granting the motion for mistrial.

First, we consider that the witness said he knew the appellant well enough to know that "he don't mess around with drugs right now." The trial was held on July 29, 1993. The charge against appellant arose from an event that occurred on February 2, 1993. The witness said he had only known the appellant for about three or four months before the trial, but the witness testified he was present when the search warrant was executed on February 2, 1993, and four months from that date would be June 2, 1993. Thus on the day of trial, July 29, 1993, the witness would have known the appellant about six months; however, there is no evidence that the witness knew the appellant in 1988 when the prior drug conviction was obtained. In fact, the State's brief says:

> Even though Walker may not have known appellant in 1988, it was certainly possible that he may have known appellant had a drug conviction at some time in the past. Whether or not Walker possessed such knowledge was relevant to test his credibility in opining that appellant never "messed around" with drugs and to clarify his testimony that appellant did not use drugs "right now."

This statement clearly reveals the weakness in the appellee's position. Assume that the witness had *heard* of that conviction — or had *known* of it by some means or method; the next question is *what did the witness say*. He said that the appellant "don't mess around with drugs right now. Any more now I know of." And what is the purpose of allowing the cross-examination under Ark. R. Evid. 405 (a)? *Reed* v. *State* and *Lee* v. *State, supra*, say the purpose is to test the credibility of the character witness. If the witness has heard or knows of the prior conviction, then the opinion of the witness that the character or reputation of the defendant is good may not be credible. But here, the witness *did*

*not* say that the appellant did not mess around with drugs in 1988. To the contrary, the witness said "he don't mess around with drugs right now. Any more now I know of." So rather than denigrate the witness's testimony, the evidence of the 1988 conviction supports the credibility of the witness who said in effect that the appellant *did* mess around with drugs but does not any more — at least as far as the witness knows.

Therefore, it seems clear that evidence of the drug conviction was not admissible under Ark. R. Evid. 405(a), because its only effect was to cause the jury to consider the conviction as evidence of guilt on the present drug charge, and this is contrary to Ark. R. Evid. 404(b) which provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith.

In *McCoy* v. *State*, 270 Ark. 145, 603 S.W.2d 418 (1980), the Arkansas Supreme Court reversed a conviction on the holding that Rule 404(b) does not permit the introduction of other crimes to prove that the appellant was guilty of the crime charged. The court said:

> It is well-settled that evidence of other crimes by the accused, not charged in the indictment or information and not a part of the same transaction, is not admissible at the trial of the accused. *Moser* v. *State*, 266 Ark. 200, 583 S.W.2d 15 (1979); *Alford* v. *State*, 223 Ark. 330, 266 S.W.2d 804 (1954). Even if the events comprising the objectionable testimony were considered to be a part of the same transaction or proof of knowledge, opportunity, etc., there are instances where evidence of other offenses should not be admitted, particularly where its prejudicial impact substantially outweighs its probative value. *U.S.* v. *Moody*, 530 F.2d 809 (8th Cir. 1976); *Moser*, supra. Ark. Stat. Ann. § 28-1001, Uniform Rules of Evidence, Rule 403 (Repl. 1979), provides, in part:
>
> > Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, . . .

> Here, as there was no positive proof that appellant actually swallowed the substance or proof by laboratory analysis that it was actually heroin, we think the testimony about it was prejudicial and of little or no probative value in determining appellant's guilt of possession of the PCP and marijuana. Accordingly, we think the trial court committed reversible error in admitting this testimony, and we reverse and remand this case for retrial.

270 Ark. at 148, 603 S.W.2d at 420. *See also Slavens* v. *State*, 1 Ark. App. 245, 614 S.W.2d 529 (1981); *Lincoln* v. *State*, 12 Ark. App. 46, 670 S.W.2d 819 (1984); *Smith* v. *State*, 19 Ark. App. 188, 718 S.W.2d 475 (1986).

Because of the trial error, as discussed above, we reverse and remand this case for a new trial. For additional information on the issue involved, see *Awkard* v. *United States*, 352 F.2d 641 (D.C. Cir. 1965); *Gross* v. *United States*, 394 F.2d 216 (8th Cir. 1968); and the *relevant* portion of *United States* v. *Wallach*, 935 F.2d 445 (2nd Cir. 1991).

Reversed and remanded.

JENNINGS, C.J., and PITTMAN, J., dissent.

JOHN E. JENNINGS, Chief Judge, dissenting. I would affirm. In my view this case is governed by the supreme court's decision in *Reel* v. *State*, 288 Ark. 189, 702 S.W.2d 809 (1986). The appellant in *Reel* was charged with murder and he called as a witness his employer who testified that he had always regarded the appellant as a truthful and honest employee. On cross-examination the trial judge permitted the prosecutor to question the witness with respect to an earlier misdemeanor conviction of the appellant. The rule the court stated in *Reel* is: if the accused has presented a witness to testify as to his good character, cross-examination may inquire "into relevant specific instances of conduct." The reason for the rule is set forth in the quotation from *Reel* in the majority opinion. The issue is whether the appellant had opened the door to this line of questioning.

In the case at bar the essence of the witness's testimony on direct is that the appellant was not a drug user. His knowledge, or lack of knowledge, about the appellant's prior drug conviction therefore, under *Reel*, becomes relevant.

Finally, once the door is opened by the appellant's own witness on direct, I do not think that it can then be "closed" by the witness's subsequent statements on cross-examination.

For the reasons stated I respectfully dissent. I am authorized to state that Judge Pittman joins.