No. 82-386

IN THE SUPREME COURT OF THE STATE OF MONTANA

1983

STATE OF MONTANA,

        Plaintiff and Respondent,

  -vs-

JOE SMITH,

        Defendant and Appellant.

Appeal from:  District Court of the Sixteenth Judicial District,
In and for the County of Rosebud, The Honorable
Alfred B. Coate, Judge presiding.

Counsel of Record:

    For Appellant:

        Garry P. Bunke, Forsyth, Montana

    For Respondent:

        Hon. Mike Greely, Attorney General, Helena,
Montana
John S. Forsythe, County Attorney, Forsyth,
Montana

Submitted on Briefs:  January 20, 1983

Decided:  April 7, 1983

Filed: APR 7 - 1983

*Ethel M. Harrison*

———————————————————————————
Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

Defendant appeals his conviction by a Rosebud County jury for felony criminal possession of dangerous drugs. We affirm.

On December 1, 1981, defendant applied for a $2,000 loan with the Cheyenne Western Bank in Ashland, Montana. Smith told bank personnel that the loan was to repay his parents for money they had lent him. The loan was granted on December 3, 1981, and that day Smith sent a Western Union money order in the amount of $3,900 to his brother, Nathan, in Florida. He paid a $60 fee to Western Union for sending the money order. A bank loan officer testified that even with the loan Smith did not have sufficient money in savings or checking accounts to be able to amass $3,960.

On December 7, 1981, a reliable police informant told Officer Larry Price that defendant had sent a substantial amount of money out of Miles City via Western Union to buy drugs. He also informed the officer that two other persons were involved in the plan and that the package of marijuana was scheduled to arrive in Ashland, Montana, between the 16th and the 18th of December. Price contacted Western Union and verified that defendant had sent a money order for $3,900 to a Nathan Smith in Fort Myers, Florida. He then contacted the Ashland postmaster and asked him to watch for a package from Florida addressed to Smith and to let Price know when it arrived.

Price received a call from the postmaster on December 17, 1981, and was told that it would be a good day to conduct a controlled search of the post office that he had been requesting to do for some time with his trained, drug-

-2-

sniffing dog. Price took an envelope of marijuana to the post office, gave it to a postal employee to hide, and then directed the dog to search for it. The dog found the envelope. It also indicated that one package among several sitting on the floor contained drugs. It was addressed to Smith and had been mailed from Florida.

Price and other members of the Rosebud County sheriff's office then staked out the post office and waited for defendant to pick up the package. On December 18, 1981, defendant and his wife, Nelda, arrived at the post office. Smith waited outside in their pickup while Nelda picked up the package. She placed the box on the front seat of the truck and pushed it to the middle of the seat.

Price then approached the Smiths and asked defendant if the box belonged to him. He replied "yeah." Price told the Smiths about the controlled search he had conducted and informed them of his suspicions that the package contained illegal drugs.

Defendant stated that the package was supposed to contain Christmas presents, and he agreed to accompany the officers to Justice Court to open the box. He voluntarily carried the package to a police vehicle and placed it inside. He then rode to Justice Court in the police car, removed the package from the car and carried it inside. Finally, Smith signed a consent to search form, and the officers opened the box. It contained sixteen pounds of marijuana, a few pieces of fruit, and a note that said "Merry Christmas." Joe and Nelda Smith were both arrested for criminal possession of dangerous drugs. The charges against Nelda were later dropped.

Further investigation revealed that the Florida address was nonexistent. The loan to Smith is currently unpaid. No witnesses were called on behalf of defendant to explain what happened to the $3,900 he sent to Florida.

Defendant presents a single issue on appeal: Is the evidence is sufficient to establish constructive possession of dangerous drugs? Smith argues that the evidence was insufficient to sustain a conviction of possession of dangerous drugs since he did not have sufficient time to terminate control over the package delivered by first-class mail. We disagree.

Felony criminal possession of dangerous drugs, as defined in section 45-9-102, MCA, requires proof that a defendant: (1) possessed (2) dangerous drugs. "Possession" is defined in section 45-2-101(52), MCA, as: "the knowing control of anything for a sufficient time to be able to terminate control." The State, therefore, must establish that Smith knew of the contents of the package and that he controlled the dangerous drugs for a sufficient amount of time to be able to terminate control.

This Court has adopted the following standard of appellate review of sufficiency of the evidence: "Whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia (1979), 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560, 573; State v. Wilson (1981), ____ Mont. ____, 631 P.2d 1273, 1279, 38 St.Rep. 1040, 1047. In applying that standard to the evidence presented in the instant case, we hold that substantial evidence sup-

ports defendant's conviction for felony criminal possession of dangerous drugs. Substantial credible evidence supports findings that Smith knew of the contents of the package and that he controlled the contents for a sufficient time to be able to terminate control.

The State properly concedes that evidence which simply establishes delivery of drugs by first-class mail is insufficient to demonstrate constructive possession of drugs. The State also concedes that the fact a person is the named addressee of a parcel does not constitute sufficient evidence of constructive possession. Knowledge of the contents must be proven. Knowledge may be proved by direct evidence or by evidence of acts, declarations, or conduct of the accused from which a jury may infer knowledge. State v. Anderson (1972), 159 Mont. 344, 351, 498 P.2d 295, 299. Here, substantial evidence supports a finding of such knowledge.

Defendant obtained a bank loan of $2,000 for the stated purpose of repaying his parents. On that date, his own resources together with the loan were insufficient to allow him to accumulate cash in the amount of nearly $4,000. Yet on that date, he wired nearly $4,000 to Florida by Western Union. A reliable informant told Officer Price that defendant and two other individuals planned to send money to Florida for a drug buy and that the package of marijuana would be delivered between December 16 and 18. A package with sixteen pounds of marijuana then arrived on December 17. The return address on the box was bogus. The loan has not been repaid. No evidence was introduced to explain what happened to the money sent to Florida. Nothing indicated

that defendant's parents actually received any of the $2,000 that Smith borrowed. Sufficient evidence supports defendant's knowledge of the package contents.

Similarly, the record sustains defendant's conviction for knowing "control for a sufficient time to be able to terminate control." This Court has long recognized that a conviction for possession of dangerous drugs need not be predicated upon a finding of actual possession. Constructive possession may suffice. State ex rel. Galyan v. District Court (1971), 156 Mont. 523, 480 P.2d 840 (per curiam order). The control need not be exclusive but may extend to situations where the contraband is "immediately and exclusively accessible to the accused and is subject to his dominion or control, or to the joint dominion and control of the accused and another." State v. Meader (1979), ____ Mont. ____, 601 P.2d 386, 392, 36 St.Rep. 1747, 1754; State v. Godsey (1982), ____ Mont. ____, 656 P.2d 811, 815, 39 St.Rep. 2354, 2358. Constructive possession is a factual determination to be made by the trier of fact. State ex rel. Galyan v. District Court, 156 Mont. at 524, 480 P.2d at 840; State v. Meader, 601 P.2d at 392, 36 St.Rep. at 1755.

In a case analogous to the instant case, we recognized constructive possession where the defendant exercised control over a baggage claim ticket for baggage which contained marijuana. State v. Trowbridge (1971), 157 Mont. 527, 487 P.2d 530. In Trowbridge the defendant had checked baggage containing the contraband and then boarded her flight under an assumed name. The suitcase handle and claim check somehow were separated from the luggage and airline employees opened the bag to try to establish identification. They

-6-

discovered the contraband and notified law enforcement officers. When the handle was subsequently located, the owner and destination were determined and Missoula law enforcement officers were informed. When the defendant's bag did not arrive on her flight, she filled out a luggage claim form describing the missing suitcase. She provided the name and telephone number of a Bruce Bennett as the place she could be reached. Bennett was notified when the baggage arrived and picked it up for Trowbridge. Trowbridge was arrested outside of the airport as she waited for Bennett to deliver the suitcase.

Viewed in the light most favorable to the State, the evidence here shows that defendant's control of the contraband began when he placed an order for the marijuana and sent the money to Florida via Western Union. At that point he began to exert control over the drugs. He could have cancelled the order. He could have himself claimed the package with the postal claim ticket and immediately disposed of it. The fact that he sent his wife in to pick up the box, as Carolyn Trowbridge had sent Bruce Bennett to pick up the luggage, does not negate the control he exercised over the package. Nor was defendant prevented from deciding to simply not claim the parcel. We reject Smith's argument that he was afforded no opportunity to terminate control because he was immediately confronted by a police officer. Substantial credible evidence sustains the conviction.

Affirmed.

_Frank J. Haswell_
Chief Justice

We concur:

_John Conway Harrison_

_[signature]_

_Frank B. Morrison_

_L. C. Gulbrandson_
Justices