No. 86-435

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

STATE OF MONTANA,

Plaintiff and Respondent,

-vs-

JODY DUANE McDONALD,

Defendant and Appellant.

APPEAL FROM: District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable Jack L. Green, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

O'Brien & Conrad; Barbara J. Conrad, Missoula,
Montana

For Respondent:

Hon. Mike Greely, Attorney General, Helena, Montana
George Schunk, Asst. Atty. General, Helena
Robert L. Deschamps, III, County Attorney, Missoula,
Montana; Fred Van Valkenburg, Deputy County Attorney

Submitted on Briefs: Jan. 29, 1987

Decided: March 30, 1987

Filed: MAR 30 1987

*Ethel M. Harrison*

Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This appeal arises from a conviction entered in the District Court of the Fourth Judicial District in and for Missoula County. Following a jury trial, defendant was found guilty of burglary and now appeals. We affirm.

On the evening of January 10, 1986, the defendant, Jody McDonald, and his girlfriend, Maggi Stevens, visited a Missoula bar with another couple, Albert Cannon and Kim Cornelius. Because Miss Cornelius was under age and could not remain in the bar, she told the others that she was going to visit Tammy Sessions, a friend who was hosting a small, informal party that evening. She left in Albert's car.

By 11:00 p.m., Albert Cannon had become concerned about his girlfriend. He and Kim had previously agreed that Kim would pick up Albert at the bar at 10:30, but she had not yet returned. Albert also expressed some discomfort over the presence of Kim's former boyfriend at Tammy Sessions' party. Albert asked the defendant to drive him to Sessions' trailer. They were accompanied by Miss Stevens and Tony Cannon, Albert's brother who had joined them at the bar. At the trailer, the Cannon brothers went to the front door while the defendant and Miss Stevens waited in the car. Meanwhile, those inside the trailer had switched the evening's entertainment from drinking games to a game of strip poker and were by then in various stages of loss.

What happened next is disputed. Apparently, when the Cannon brothers were not granted immediate entry, one of them kicked the door off its hinges. Inside, the unclad youths ran for cover as the Cannons entered and demanded to know the whereabouts of Kim. Tony Cannon soon discovered Kim hiding in a back bedroom closet after he had ripped off its door. Tony alerted his brother who proceeded to scuffle with his girlfriend in the bedroom. Kim became hysterical and her

screams prompted a neighbor to phone the police. Tony meanwhile returned to the living room where he punched two youths, knocking one out.

Tony Cannon then shouted from the trailer door for the defendant to come inside. The defendant responded by entering the trailer through the broken door. Direct testimony at trial stated that once within the trailer the defendant assaulted at least four persons. Testimony was also presented that Tammy Sessions and her younger sister, Raeann, asked the defendant to leave.

The defendant, Miss Stevens and Tony Cannon left the trailer just before the authorities arrived. Sheriff's deputies ordered a pick-up and hold for both the defendant and Tony Cannon and the two were arrested after a short search in the early morning of January 11, 1986. The defendant was tried before a jury on the charge of burglary and was found guilty. He now appeals.

The first issue raised on appeal is whether defendant's burglary conviction is supported by sufficient evidence. Our standard of review when presented with a challenge to the sufficiency of the evidence is "[w]hether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia (1979), 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573; State v. Crumley (Mont. 1986), 725 P.2d 214, 215-16, 43 St.Rep. 1675, 1677; State v. McHugh (Mont. 1985), 697 P.2d 466, 469, 42 St.Rep. 371, 374; State v. Kutnyak (Mont. 1984), 685 P.2d 901, 910, 41 St.Rep. 1277, 1289. "This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." Jackson, 443 U.S. at 319, 99 S.Ct. at 2789, 61 L.Ed.2d at 573.

The defendant was convicted of burglary pursuant to § 45-6-204(1), MCA, which provides:

> A person commits the offense of burglary if he knowingly enters or remains unlawfully in an occupied structure with the purpose to commit an offense therein.

From the evidence presented by the prosecution it is obvious that appellant knowingly entered and remained unlawfully in an occupied structure with the purpose to commit an offense therein, at the very least a misdemeanor offense. He witnessed the door being torn off its hinges, entered thereafter and assaulted at least four persons. Why the State did not charge him with the assault, and chose instead the burglary statute, remains a mystery.

The specific issue we face on appeal is whether, viewing the evidence in the light most favorable to the State, a rational trier of fact could have concluded that the defendant had the specific purpose to commit assault either at the moment he entered the trailer or after he remained unlawfully within the trailer.

It is by now well established that one's mental state may be gleaned from circumstantial evidence. State v. Hardy (1980), 185 Mont. 130, 137, 604 P.2d 792, 796.

In this case, the State presented the testimony of Maggi Stevens, the defendant's girlfriend, who testified that as she entered the trailer immediately in front of the defendant, she could see, through the broken doorway, a fight in progress in the living room. Nevertheless, Stevens testified she and the defendant entered the trailer. The State then produced testimony that the defendant, once within the trailer, assaulted at least four different individuals.

Alternatively, a rational juror could have concluded that the State satisfied the elements of burglary by establishing that the defendant remained unlawfully within the trailer with the purpose to commit assault. The State

4

elicited testimony that the defendant (1) remained in the trailer after being asked to leave and (2) continued to assault people within the trailer. Tammy and Raeann Sessions testified that the defendant was asked to leave but did not do so before assaulting others.

In short, viewing the evidence in the light most favorable to the State, we cannot say that a rational jury could not have found that the defendant had the purpose to commit an assault either when he entered the trailer or remained unlawfully therein. We therefore find no error.

The defendant also asserts that the trial court erred in its failure to instruct the jury on the lesser included offense of assault. Because we do not find assault to be a lesser included offense of burglary, we disagree.

As defined herein, the offense of assault requires (1) purposely or knowingly (2) causing bodily injury to another. Section 45-5-201(1), MCA. The offense of burglary, however, does not require any showing of bodily injury, so that one may be convicted of burglary without any such showing. Section 45-6-204(1), MCA. As the Kansas Supreme Court reasoned when a defendant requested in a burglary prosecution a lesser included instruction on "criminal damage to property":

> The difficulty with this argument is that the element of willfully injuring, damaging, mutilating, defacing, destroying or substantially impairing the use of property is not an element of burglary. It is entirely possible to establish a burglary without proving damage, and the mere fact there was damage to the building in this case does not make criminal damage to property a lesser included offense. We conclude that criminal damage to property is not a lesser included offense of burglary, and the trial court did not err in refusing to instruct on that offense.

State v. Harper (Kan. 1984), 685 P.2d 850, 856.

5

We find no error.

Affirmed.

_John Conway Harrison_
Justice

We concur:

_J. A. Turnage_
Chief Justice

_L. C. Gulbrandson_

_John C. Sheehy_

_William E. Hunt_
Justices

6