No. 86-92

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

---

STATE OF MONTANA,

        Plaintiff and Respondent,

-vs-

BAILEY PETERSON,

        Defendant and Appellant.

*Modified by Court Order. See file.*

---

APPEAL FROM:  The District Court of the Ninth Judicial District,
In and for the County of Glacier,
The Honorable R.D. McPhillips, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Charles M. Joslyn, Choteau, Montana

    For Respondent:

        Hon. Mike Greely, Attorney General, Helena, Montana
        Joe R. Roberts, Asst. Atty. General, Helena
        James C. Nelson, County Attorney, Cut Bank, Montana

---

Submitted on Briefs:  Feb. 19, 1987

Decided:  July 28, 1987

JUL 28 1987

Filed:

*Ethel M. Harrison*

Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from a jury conviction entered in the District Court of the Ninth Judicial District, in and for Glacier County. Defendant was tried and convicted of narcotics-related offenses and now appeals. We reverse and remand for new trial.

Although defendant raises five issues for our review, because of our holding it is necessary to address only three:

(1) Did the District Court err when it denied defendant's motion to suppress?

(2) Did the District Court err when it admitted evidence of telephone calls allegedly occurring between defendant and his drug supplier?

(3) Did the District Court err when it denied defendant's jury instruction of a lesser included offense?

On April 6, 1985, the police department in Cut Bank, Montana, received an anonymous tip from Crimestoppers that a large shipment of "pot" was due to arrive in Cut Bank later that day via the bus. The parcel was said to be arriving from Texas and was to be picked up by any of three men, one of whom was said to be the defendant.

The information from the tip was given to Officer Richard Wevley of the Cut Bank Police Department. Officer Wevley went to the bus depot where he learned that the bus was scheduled to arrive in one hour. He also learned that the defendant had phoned the bus depot the previous day to see if a package had arrived for him.

Officer Wevley then met with the county attorney to prepare an application for a search warrant to seize and search the parcel that was the subject of the anonymous tip from Crimestoppers. Officer Wevley appeared before Justice

of the Peace William L. Burns and signed the application for search warrant under oath. Justice of the Peace Burns issued a search warrant directing Officer Wevley to serve the warrant.

Officer Wevley returned to the bus depot as the defendant was signing a receipt for a parcel. Defendant took possession of the parcel and placed it in his truck parked outside the depot. At that point, Wevley approached the defendant and served the search warrant. Wevley and the defendant returned to the depot where Wevley opened the parcel and found a twenty-five pound, nine ounce bundle of marijuana. Wevley placed defendant under arrest and transported him to the police station.

At the station Wevley read defendant his Miranda rights and the asked him if he wished to make a statement. Defendant declined, stating that he could get shot in the back for making a statement. He did mention, however, that he had recently picked up another package similar to the one in question.

Defendant was charged with two felonies, possession of dangerous drugs and possession of dangerous drugs with intent to sell. He plead not guilty and stood trial in July 1985. He was convicted on each count and now appeals.

Issue 1

Did the District Court err when it denied defendant's motion to suppress?

Defendant first challenges the validity of the search warrant pursuant to which Officer Wevley seized and searched the parcel of marijuana. Defendant filed a pretrial motion to suppress the seized marijuana on the grounds that the warrant was constitutionally defective. The District Court denied this motion. On appeal, defendant contends the

3

District Court erred in denying his motion to suppress for two reasons--first, the warrant was unsupported by probable cause, and second, it failed to describe specifically what was to be seized.

Section 46-5-201, MCA, defines a search warrant:

A "search warrant" is an order:

(1)  in writing;

(2)  in the name of the state;

(3)  signed by a judge;

(4)  particularly describing the thing, place, or person to be searched and the instruments, articles, or things to be seized;

(5) directed to a peace officer commanding him to search for personal property and bring it before the judge.

We have reviewed the application for the search warrant and hold that it established probable cause for issuing the warrant.

The warrant in this case does not describe with particularity the article to be seized. The warrant authorizes the seizure of a package or parcel and the "contraband above described," but there is not an "above described" large shipment of dangerous drugs or "pot" described in the warrant as mentioned in the application.

Standing alone, the warrant would be invalid for its failure to describe with particularity the contraband to be seized. If the warrant had been directed to an officer other than the officer who had made and signed the application, it would be invalid. However, in this case, Officer Wevley not only signed the application, which adequately described the contraband as a package containing "pot," but he was also the

4

same officer who served the warrant and seized the package of pot mentioned in the application.

When the application for the search warrant and the search warrant are read together and when, as in this case, the application is signed by the officer named in the warrant as the officer directed to make service of the warrant and who did personally make such service, the documents in combination satisfy the requirement of particularly describing the thing to be seized.

Officer Wevley did not go forth on a fishing trip with the search warrant. He identified the particular thing to be searched for in his application as a package of pot. He used the warrant to search for that particular thing, and that is what he seized. The District Court did not err in denying defendant's motion to suppress the evidence seized.

## Issue 2

Did the District Court err when it admitted evidence of telephone calls allegedly occurring between defendant and his drug supplier?

The District Court admitted evidence of telephone calls from various phone numbers in Montana to Texas. The phone numbers in Montana were of defendant's mother, defendant's brother, a business and a ranch. The State asserted that defendant made the calls. The State also presented evidence of phone calls from Texas to Montana.

No evidence was presented to link defendant to any of the phone calls. The State contends an inference is proper that defendant had knowledge of the drug shipment as evidenced by the phone calls.

Rule 402, M.R.Evid., states all relevant evidence is admissible. Rule 401, M.R.Evid., defines relevant evidence:

> Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence . . .

In State v. Smith (Mont. 1983), 661 P.2d 463, 465, 40 St.Rep. 494, 496, we held that knowledge may be proven by "direct evidence or by evidence of acts, declarations, or conduct of the accused from which a jury may infer knowledge."

Because we are reversing this case on other grounds, we need not reach this issue. However, we will note that a proper foundation must be developed before introduction of the telephone calls can be allowed.


Issue 3

Did the District Court err when it denied defendant's jury instruction of a lesser included offense?

Defendant was charged with the offenses of possession of dangerous drugs (Count II) in violation of § 45-9-102, MCA, and possession of dangerous drugs with intent to sell (Count I) in violation of § 45-9-103, MCA. Both Count I and Count II were based on the same possession of contraband.

The jury found defendant guilty on both counts, and the court sentenced defendant on both counts.

The State may charge defendant with more than one offense when the same transaction may establish the commission of more than one offense, § 46-11-502, MCA. However, a defendant may not be convicted of one offense if that offense is included in another. Section 46-11-502(1), MCA.

Section 46-11-501(2)(a), MCA, provides:

6

> An offense is an "included offense" when it is established by proof of the same or less than all the facts required to establish the commission of the offense charged.

The offense of criminal possession of dangerous drugs with intent to sell, § 45-9-103, MCA, requires that each relevant element of criminal possession of dangerous drugs, § 45-9-102, MCA, be proven along with the additional element of "intent to sell." We hold that § 45-9-102, MCA, is an included offense of § 45-9-103, MCA.

Defendant's proposed instruction number 5 was refused by the District Court. It provided:

> If you are not satisfied beyond a reasonable doubt that the Defendant is guilty of the offense charged, he may, however, be found guilty of any lesser offense, the commission of which is necessarily included in the offense charged, if the evidence is sufficient to establish his guilt of such lesser offense beyond a reasonable doubt.
>
> The offense of Possession with Intent to Sell, Count II with which the Defendant is charged, necessarily includes the lesser offense of Possession of Dangerous Drugs, Count I.
>
> You may find the Defendant guilty of either the offense stated in Count I or in Count II, but not in both, or not guilty of either offense.

If the evidence is such, the District Court is required to give an instruction on the lesser included offense. State v. Young (Mont. 1983), 669 P.2d 239, 242, 40 St.Rep. 1474, 1478; State v. Gopher (Mont. 1981), 633 P.2d 1195, 1197, 38 St.Rep. 1521, 1524. "[Defendant] may only be convicted of the greatest included offense about which there is no reasonable doubt." Section 46-16-602, MCA.

7

We hold the District Court committed reversible error when it denied defendant's instruction of a lesser included offense.

Reversed and remanded for new trial.

_John Conway Harrison_
Justice

We concur:

_J. A. Turnage_
Chief Justice

Justices

Mr. Justice William E. Hunt, Sr., concurring in part and dissenting in part.

I concur in part and dissent in part. I concur with the majority's conclusion that this case be remanded on the issue of the lesser included offense. I dissent in part because of the majority's unsupported and unwarranted intrusion into the protections afforded by the Fourth Amendment of the United States Constitution and Article II, Section 11 of the Constitution of the State of Montana.

The Fourth Amendment clearly provides that no warrant shall issue without "particularly describing the place to be searched, and the persons or things to be seized." Similarly, Article II, Section 11 of the Montana Constitution requires that:

> [n]o warrant to search any place, or seize any person or thing shall issue without describing the place to be searched or the person or thing to be seized . . .

Despite these constitutional mandates, the following search warrant was issued:

> THE STATE OF MONTANA TO RICHARD WEVLEY, CUT BANK CITY POLICE OFFICER:
>
> A sworn application having been made before me by Richard Wevley, Cut Bank City Police, that he has reason to believe that at Treasure State News on west main street in Cut Bank, Mt. in a package or parcel addressed to any or all of the following, to wit: Baley [sic] Peterson . . .
>
> That I am satisfied that there is probable cause to believe that the property, evidence and contraband above described [sic] is upon and in the package or parcel at Treasure State News said parcel or package described above.

> You are hereby commanded to serve this
> warrant and to search the described
> Treasure State News and the above
> described package or parcel for the
> evidence, contraband and property
> specified and if the property, evidence
> and contraband is found, you are to seize
> it along with any other contraband,
> property, and evidence of crimes which
> you may find . . .

This warrant fails to describe with particularity the contraband to be seized. Nevertheless, under today's ruling, the majority allows the State to use in its case-in-chief evidence obtained pursuant to an admittedly defective warrant. Not only does this "exception" to the particularity requirement lack any constitutional basis, it represents bad policy.

The majority seems to base its holding on the combination of two factors. The first is the search warrant application described with particularity that which was to be seized. And second, the same officer who submitted the search warrant application executed the search.

However appealing the majority's holding appears at first glance, upon review it quickly becomes apparent this holding is based upon something other than the law. The majority relies upon the fact that Officer Wevley's application for this warrant set forth with particularity that for which he sought authority to search. This is true but irrelevant. It is the search warrant itself, not the application, which provides the authority to conduct a search. Nowhere has it been argued that there exists any indication that the application was to be incorporated into the warrant. Without a valid authorization within the four corners of the search warrant, the officer who conducted this search was without constitutional authority to do so.

Yet the majority remarkably combines these two documents to satisfy the requirement of particularity. There is simply neither any factual nor legal basis for this conclusion. Before today, I thought it well established that the requirement of particularity was an express constitutional command, not a mere technicality. Lo-Ji Sales, Inc. v. New York (1979), 442 U.S. 319, 99 S.Ct. 2319, 60 L.Ed.2d 920; Stanford v. Texas (1965), 379 U.S. 476, 85 S.Ct. 506, 13 L.Ed.2d 431. For an excellent discussion of this entire issue, see 468 U.S. 928, 104 S.Ct. 3430, 82 L.Ed.2d 702 (Mr. Justice Brennan dissenting to United States v. Leon (1984), 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 and Massachusetts v. Sheppard (1984), 468 U.S. 981, 104 S.Ct. 3424, 82 L.Ed.2d 737.

The majority further bases its holding on the fact that the same officer both applied for the warrant and executed the search. Again, this circumstance should have no bearing on the legal issues at hand. Our state and federal constitutions require that before a search warrant may be executed, an officer must obtain prior judicial authority from a neutral and detached magistrate. It is this requirement of prior judicial authority which was designed to protect our individual constitutional liberties by defining precisely the conditions under which governmental agents could search private property. To insure continued protection of our individual rights, we must recognize this; we cannot rely upon the self-restaint of any governmental agency.

For the sake of simple expediency, the majority has sacrificed basic constitutional protections to the lure of convicting criminals. With scant discussion and absolutely no authority, the majority has created a remarkable exception to the Fourth Amendment to the United States Constitution

and to Article II, Section 11 of the Montana Constitution. The majority ignores the fundamental constitutional importance of what is at stake here.

_William E. Hunt_
Justice