No. 90-403

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991

STATE OF MONTANA,

      Plaintiff and Respondent,

  -vs-

MARK STUART GORDER,

      Defendant and Appellant.


APPEAL FROM:    District Court of the Eighth Judicial District,
               In and for the County of Cascade,
               The Honorable John M. McCarvel, Judge presiding.


COUNSEL OF RECORD:

      For Appellant:

          Julie A. Macek, Attorney at Law, Great Falls, Montana

      For Respondent:

          Hon. Marc Racicot, Attorney General, Helena, Montana
          Elizabeth L. Griffing, Assistant Attorney General, Helena, Montana
          Patrick L. Paul, Cascade County Attorney, Great Falls, Montana
          Steven Hudspeth, Deputy County Attorney, Great Falls, Montana

FILED

MAY 23 1991

Filed:    *Ed Smith*
       CLERK OF SUPREME COURT
        STATE OF MONTANA

Submitted on Briefs: March 4, 1991

Decided: May 23, 1991

_____
               Clerk

Justice John Conway Harrison delivered the Opinion of the Court.

Defendant/appellant, Mark Stuart Gorder, was convicted of criminal possession of dangerous drugs, a felony pursuant to § 45-9-102, MCA, following a jury trial in the District Court of the Eighth Judicial District, Cascade County. He appeals. We reverse.

On November 28, 1988, two agents from the State's Criminal Investigation Bureau traveled to Great Falls, Montana, to serve an arrest warrant on appellant for charges pending against him in another county in Montana. In the initial appearance on these charges appellant stated that his residence was a travel trailer located on Lot No. 12, Cascade Trailer Park, Cascade, Montana.

Law enforcement officers applied for and received a search warrant for the travel trailer located in Cascade. They went to the trailer park and determined that appellant's trailer was in storage and had not been occupied recently. The officers searched the trailer and found a folded ten-dollar bill in the cupboard area above a couch which folded out to a bed. One officer picked up the bill, put it in his hand, examined it, then replaced the bill in the cupboard and photographed it. The officer testified that he noted a small amount of white powdery substance on the bill.

When the bill was sent to the crime laboratory, the lab found the powder folded within the bill weighed .05 grams or 50 milligrams which is one-twentieth of a gram. The powder tested positive for cocaine. The bill at no time was processed for

2

fingerprints.

One Bob Neer testified for appellant at trial, stating that he stayed with appellant in his trailer during a week to ten-day visit with appellant in Minnesota in February of 1988. Neer testified that during that visit he purchased half a gram of cocaine which was contained in a folded ten-dollar bill. While visiting appellant, Neer would empty his pockets and put the contents in the cupboard above the bed where the ten-dollar bill containing cocaine was later found by law officers. Neer further testified that he had forgotten the bill and some clothes in appellant's trailer. During cross-examination the deputy county attorney asked Neer, "Did you ever tell the defendant you bought some cocaine?" Neer answered: "No."

The issue is whether there was sufficient evidence to support the jury's verdict that appellant possessed dangerous drugs.

In State v. Smith (1983), 203 Mont. 346, 661 P.2d 463, this Court held that felony criminal possession of a dangerous drug requires proof that a defendant (1) possessed (2) dangerous drugs. Section 45-2-101(52), MCA, defines "possession" as "the knowing control of anything for a sufficient time to be able to terminate control." Thus, the mental state of "knowingly" is also contained in the definition of possession of dangerous drugs. Section 45-9-102(1), MCA.

Therefore to establish the offense of criminal possession of dangerous drugs, a felony, under § 45-9-102, MCA, the State must

3

prove: (1) knowing (2) control of a (3) dangerous drug for a sufficient time to be able to terminate control. See Compiler's Comments, § 45-9-102, MCA.

The standard of review to be applied is whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the three essential elements of the crime charged beyond a reasonable doubt. Jackson v. Virginia (1979), 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573; State v. McDonald (1987), 226 Mont. 208, 210, 734 P.2d 1216, 1217.

Here the State failed to prove beyond a reasonable doubt that appellant had "possession" of the cocaine. There is no evidence that appellant had any "actual" possession of the cocaine. The State's evidence that the appellant had "constructive" possession of the ten-dollar bill containing traces of cocaine is not sufficient to find appellant guilty of a felony.

Other than the fact that the trailer was owned by appellant, no evidence was presented to the jury as to appellant's ownership of the drug. The State did not rebut the testimony of Mr. Neer that he was the owner of the ten-dollar bill which contained the traces of cocaine. Where the drug belonged to Mr. Neer, there was a lack of showing that appellant had "dominion" over the drug. The State failed to prove the element of possession.

The second element the State must prove beyond a reasonable doubt is that any possession of the drug by appellant must have

4

been "knowingly." Section 45-2-101(33), MCA, provides that a person acts knowingly with respect to a circumstance described by a statute "when he is aware . . . that the circumstance exists." The State has failed to carry the burden of showing that appellant knew the prohibited substance was either in his "dominion" or "known" to be in his "possession." See State ex rel. Glantz v. District Court (1969), 154 Mont. 132, 461 P.2d 193.

Other than the fact that the drug was found in appellant's trailer, no evidence was produced to tie appellant to the drug. Appellant testified that the last time he had lived in the trailer was in the summer of 1988 at Essex, Montana. People were in and out of the trailer in Essex. At the end of August the trailer was moved to Cascade. Appellant testified that in September of 1988, he cleaned out the trailer, prepared it for winter storage and took all items of value from the trailer. The evidence was that appellant's stored travel trailer had no water hook up, no electricity, no edible food, and the windows were shuttered and the door padlocked. Appellant further testified that the trailer, while parked in Cascade, was broken into twice and beer cans and other evidence of a party were left in the trailer. Another witness testified that he was with appellant when the first break-in was discovered. Appellant's father testified that after the second break-in he saw where the door of the trailer had been pried open when he put on a hasp for a new lock.

Without any further proof of appellant's ownership or

5

knowledge of the ten-dollar bill containing the drug, we hold that the mere fact that the bill was found in appellant's stored travel trailer would not allow any rational trier of fact to conclude that appellant had knowing possession of the drug. Such a result would, in this Court's opinion, be both unjust and unsupported by the evidence.

We reverse the conviction of appellant for criminal possession of dangerous drugs and direct that charges against appellant in this matter be dismissed with prejudice.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

6

Justice Fred J. Weber dissents as follows:

Possession of dangerous drugs may be either "actual" or "constructive". State v. Meader (1979), 184 Mont. 32, 42, 601 P.2d 386, 392. Actual possession means that the drugs are in the personal custody of the person charged with possession; whereas constructive possession means that the drugs are not in actual physical possession but that the person charged with possession has dominion and control over the drugs. Meader, 184 Mont. at 42, 601 P.2d at 392. Constructive possession is shown when a person either has control or a right to control the drug. Meader, 184 Mont. at 43, 601 P.2d at 392.

The mental state of "knowingly" may be inferred from the acts of the accused and the facts and circumstances connected with the offense. § 45-2-103(3), MCA. Although knowledge may not be inferred from mere possession alone, knowledge may be proved by evidence of acts, declarations or conduct of the accused from which an inference of knowledge may be drawn. State v. Krum (1989), 238 Mont. 359, 362, 777 P.2d 889, 891. The question of intent therefore is a question for the jury. Meader, 184 Mont. at 43, 601 P.2d at 392.

The facts cited by the majority opinion to support its conclusion are directly from defendant's own testimony. Defendant himself contradicted many of those facts during his testimony. When conflicting evidence exists, the credibility and weight given to the conflicting evidence is within the jury's province. § 26-

7

1-302, MCA; Wheeler v. City of Bozeman (1988), 232 Mont. 433, 437, 757 P.2d 345, 347.

In the initial appearance on these charges defendant stated that his residence was a travel trailer located on Lot No. 12, Cascade Trailer Park, Cascade, Montana. A search warrant was obtained for the trailer and in the course of the search the officers found in a cupboard a folded ten-dollar bill containing approximately .05 grams of cocaine.

Bob Neer, witness for the defense, testified that the folded ten-dollar bill containing cocaine belonged to him rather than the defendant and had been placed in the cupboard by him several months earlier. Defendant claims he did not know the bill was in the cupboard and argues that he could not have control when he did not know that the bill existed. The facts support a contrary inference.

The trailer was registered to the defendant who admitted that he had purchased the trailer and had lived in the trailer until September of 1988. Defendant listed the trailer as his address when he was arrested. The travel trailer was not hooked up to water or power but the defendant admitted that he spent an occasional night there. He kept his belongings and clothing in the cupboards, including the cupboard where the cocaine was found. He used a padlock to secure the trailer. The officers who conducted the search of the trailer obtained keys from the defendant to the padlock on the trailer. The defendant testified that, in September, he prepared the trailer for winter and cleaned it out,

8

including the cupboards. He also testified that the trailer had been broken into twice but that <u>after the second break-in</u>, he had cleaned the trailer, checked the cupboards, and put a bigger lock on the door. He continued to check the trailer regularly and had been in the trailer a couple of weeks prior to the search in November 1988. All of these activities by defendant occurred <u>after</u> Bob Neer allegedly left the ten dollar bill in the cupboard. The officer testified that the bill was easily seen when he opened the cupboard door.

Under facts strikingly similar to this case, we recently held that the facts supported the inference that defendant had knowing control and possession of the cocaine. State v. Van Voast (1991), 805 P.2d 1380, 48 St.Rep. 160. In the <u>Van Voast</u> case, the drugs were also found in a stored, locked trailer over which the defendant had dominion and control. We held that the defendant had constructive dominion and control over the drugs contained in the trailer.

As in the <u>Van Voast</u> case, the facts in this case support the conclusion that any rational trier of fact could have found beyond a reasonable doubt the essential elements of the crime and are sufficient to support the conviction of knowing possession of dangerous drugs. By reversing this case, the majority has ignored the <u>Van Voast</u> case and has assumed the fact finding role of the jury.

Justice

9

Chief Justice J. A. Turnage and Justice R. C. McDonough:

We concur in the foregoing dissent of Justice Weber.

_____
Chief Justice

_____
Justice

Justice Terry N. Trieweiler concurring:

I concur in the majority opinion.

The thrust of the dissenting opinion is to point out that the defendant's testimony was contradicted--as if that fact is somehow relevant.

The defendant did not have the burden of proving his innocence. The State had the burden of proving his guilt.

In this case, the State had the burden of proving that the defendant knowingly possessed a dangerous drug. All the State did prove was that residue of cocaine was found on a ten dollar bill located in a locked-up, uninhabitable travel trailer which the defendant had abandoned a couple of months before the drug was found. Those facts are simply not sufficient to put someone in jail for commission of a serious felony.

Section 45-2-101(52), MCA, provides that "'[p]ossession' is the knowing control of anything for a sufficient time to terminate control." (Emphasis added.)

Section 45-2-101(33), MCA, provides that a person acts knowingly with respect to a circumstance described in a statute "when he is aware . . . that the circumstance exists."

The State has argued, and the dissenters have concluded, that this defendant did not have actual possession of a dangerous drug, but that he had constructive possession since he had dominion and control over the travel trailer in which the drug was found. However, constructive possession without knowledge is not

11

sufficient for conviction of the crime of which the defendant was accused. Furthermore, this Court has previously held that knowledge may not be inferred from possession alone. State v. Krum 238 Mont. 359, 362, 777 P.2d 889, 891 (1989).

In this case, there was absolutely no substantial evidence to prove the defendant had knowledge that cocaine was located in his travel trailer, other than the fact that he owned the travel trailer.

The mere fact that he had cleaned the trailer out at some time before abandoning it does not make it any more likely that he knew of the presence of drugs. In fact, it is more reasonable to infer that if he had been aware of the presence of the ten dollar bill when he cleaned the trailer out and abandoned it, he would not have left it in the trailer.

Inconsistencies in the defendant's testimony did not change the fact that the State failed to prove a crucial element of the crime with which the defendant was charged. For these reasons, I concur in the majority opinion.

_____
Justice