NO.   93-206

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

STATE OF MONTANA,

     Plaintiff & Respondent,

-v-

JULIE NEELY,

     Defendant & Appellant.

FILED

NOV - 2 1993

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    District Court of the Twelfth Judicial District,
In and for the County of Hill,
The Honorable John Warner, Judge presiding.


COUNSEL OF RECORD:

     For Appellant:

     Lawrence A. LaFountain, Havre, Montana

     For Respondent:

     Hon. Joseph P. Masurek, Attorney General, Carol E.
Schmidt, Assistant, Helena, Montana: David G. Rice,
Hill County Attorney, Havre, Montana


Submitted on Briefs:  September 23, 1993

Decided: November 2, 1993

Filed:

Clerk

Justice Fred J. Weber delivered the Opinion of the Court.

This is an appeal from a judgment of the Twelfth Judicial District Court, Hill County, convicting appellant of misdemeanor possession of marijuana and sentencing her to six months suspended sentence and fining her $100.

We consider the following issues on appeal:

1. Did the District Court abuse its discretion in denying Neely's request to suppress evidence obtained at her residence because the search warrant contained stale information?

2. Did the District Court err in determining that Julie Neely was guilty of constructive possession of dangerous drugs?

In the spring of 1992, the Tri-Agency Task Force hired Alex Doney (Doney) as an informant in an attempt to get information concerning a mobile home at 1431 Sixth Street, Havre, Montana. On April 21, 1992, Doney went to the residence at which Julie Neely (Neely) and Rich Berger (Berger) lived in order to purchase marijuana. A party was in progress and lasted into the morning hours of April 22, 1992. Both Berger and Neely were at the mobile home when Doney bought two bags of marijuana from Pete Barrows (Barrows). Doney testified that he had seen ten to fifteen bags of marijuana in the house during the party. He bought some and told those present that he would return the next day for additional bags.

Doney returned to the residence on the following day to inquire about purchasing more marijuana. Like the day before, Doney was wired with an electronic transmitter. Neither Barrows

nor Berger had any marijuana at this time. Berger and Neely left the mobile home to go and find marijuana for Doney. Berger returned with two grams and subsequently sold it to Doney for twenty dollars.

Doney again returned to the trailer on April 23, 1992, to buy more marijuana. By this time, the police had obtained a search warrant. Doney started to make another purchase and in so doing gave the code word for the deputy sheriffs to come in. Someone present saw the police and yelled "cops," which incited those present into motion.

The officers searched the mobile home: they found two bags of marijuana between the mattresses in the bedroom where Berger and Neely slept. They also found books regarding marijuana sales. All persons present were arrested.

On April 24, 1992, Neely was charged in Hill County with criminal possession of dangerous drugs in violation of § 45-9-102(2), MCA. A bench trial was held on August 28, 1992, before a justice of the peace. Neely was found guilty and fined $115. Neely appealed to the Twelfth District Court. A suppression hearing was held and the court denied Neely's motion to suppress the evidence, ruling that the information in the search warrant was not stale as Neely claimed.

The court found Neely in constructive possession of marijuana and therefore, guilty of possession of marijuana in violation of § 45-9-102(2), MCA. Neely was given a six month suspended sentence provided she remained law-abiding and a $115 fine. Neely filed an appeal on March 9, 1993.

Did the District Court abuse its discretion in denying Neely's request to suppress evidence obtained at her residence because the search warrant contained stale information?

Neely argues that although police have ten days time to execute a search warrant and the warrant in the instant case was executed in less than 48 hours, the warrant was stale because of the attendant circumstances. According to Neely, the purpose of the search warrant was to search for drugs that were at the residence during the party on April 21, 1992, and the police knew that the party was over when they finally executed the warrant two days later. Because the party was over and the drugs were gone, Neely argues that police needed more probable cause to have a search warrant issue.

According to the State, the alleged stale information, was not stale when the warrant was issued. The State argues that the issue on appeal is not whether the information was stale, but whether the officers executed the warrant in a timely manner. The State cites § 46-5-225, MCA, for the proposition that officers have ten days in which to execute a search warrant. Further, the State argues that a court must consider the totality of the circumstances when reviewing the sufficiency of a warrant and should not consider statements from the application singularly.

The test for determining probable cause for issuance of a search warrant is the "totality of the circumstances" test. State v. Van Voast (1991), 247 Mont. 194, 805 P.2d 1380. An affidavit supporting a search warrant is to be interpreted by the magistrate and examined by the reviewing court in a common-sense, realistic

fashion. State v. O'Neill (1984), 208 Mont. 386, 679 P.2d 760. The issuing magistrate must only determine that there is a probability, not a prima facie showing of criminal activity. O'Neill, 208 Mont. at 393, 679 P.2d at 764. Our review of the sufficiency of the affidavit is not de novo and the magistrate's determination will be paid great deference. State v. Sundberg (1988), 235 Mont. 115, 765 P.2d 736.

We first note that Neely has missed the focal point of whether the search and seizure were illegal. Section 46-5-225, MCA, states:

> **When** warrant may be served. The warrant may be served at any time of the day or night. The warrant must be served within 10 days from the time of issuance. Any warrant not served within 10 days is void and must be returned to the court or the judge issuing the warrant and identified as "not served."

This statute clearly allows police ten days from the date of issuance to execute the warrant. Neely argues that when the warrant was executed two days after its issuance, the party was over and the drugs were gone. We point out that it was not the party that was the focal point of the warrant application, it was the residence at which the party was being held. The residence was described with particularity as were the events taped by the informant who made the controlled purchase.

> A showing of facts in the application for search warrant is required to establish there is probable cause to believe that contraband or evidence is to be found at the place to be searched at the time the warrant is issued.

State v. Valley (1992), 252 Mont. 489, 492, 830 P.2d 1255, 1257.

With such standards, Neely's contention that the warrant was not executed until after the party was over and the drugs were gone

5

has little persuasive effect. The facts found within the four corners of the application indicate that a sale of drugs had taken place on the same day the warrant was requested. This is not stale information; it could hardly be any closer in time.

We conclude that as long as a warrant is executed within ten days from its issuance, as set by our legislature in § 46-5-225, MCA, the warrant itself is not stale. Because the warrant was properly issued and contained information which established probable cause, the court had no obligation to suppress evidence gained from the search and seizure. The burden of proving the illegality of the search and seizure fell to Neely. O'Neill, 208 Mont. at 396-97, 679 P.2d at 765. She did not meet that burden. We hold that the District Court did not abuse its discretion in denying Neely's request to suppress evidence obtained at her residence because the search warrant contained stale information.

II.

Did the District Court err in determining that Julie Neely was guilty of constructive possession of dangerous drugs?

The two bags of marijuana seized during the search of Neely's home were taken from under the mattress on Neely's bed. She argues that just because the drugs were found in her home does not mean that she constructively possessed the contraband. Neely contends that in order to have constructive possession she had to have dominion and control over the drugs and she had neither. She argues that she does not use drugs.

The State argues that a conviction for the offense of criminal possession of dangerous drugs requires the State to demonstrate a

6

person's (1) knowing (2) control of a (3) dangerous drug for a sufficient time to be able to terminate control. Further, the State argues that whether Neely used drugs herself is not at issue here.

Neely cites State v. Gorder (1991), 248 Mont. 336, 811 P.2d 1291, for the proposition that she cannot be held liable for drug possession merely because the drugs were found in her bed. Gorder is not precedent for the fact situation before us. Gorder involved a travel trailer which had been put into storage and not used for some time. The trailer had been broken into after which police found a folded ten-dollar bill with cocaine on it. Gorder was not found in constructive possession of the cocaine because there was no evidence linking him to the drugs.

Unlike Gorder, Neely lived on a day-to-day basis within the trailer where the drugs were found. Also unlike the facts of Gorder, police here established that Neely had a connection to the drugs. She had been present when the drugs were sold, when the drugs were used, and even when Berger went to find drugs on the street to sell to Doney.

We have established that possession can be either actual or constructive.

> Constructive possession occurs when the accused maintains control or a right to control the contraband: possession may be imputed when the contraband is found in a place which is immediately and exclusively accessible to the accused and subject to his dominion and control, or to the joint dominion and control of the accused and another person.

State v. Meader (1979), 184 Mont. 32, 43, 601 P.2d 386, 392. We have clarified this holding in subsequent cases, holding that in

7

order to prove constructive possession, the State must prove (1) knowing (2) control of a (3) dangerous drug for sufficient time to be able to terminate control. Gorder, 248 Mont. at 338, 811 P.2d at 1292.

The record before us reveals that the drugs were found in Neely's bedroom. This room is certainly immediately and exclusively under the dominion and control of Neely or Neely and Berger jointly. The record also shows that Neely was present when drugs were sold and used in her residence. Neely could have terminated control of the drugs at any time during or after the party by having them taken off the premises. She did not do so. Therefore, we conclude that all of the elements necessary for the court to determine constructive possession have been satisfied.

We hold that the District Court did not err in determining that Julie Neely was guilty of constructive possession of dangerous drugs.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

8

November 2, 1993

CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Lawrence A. LaFountain
Attorney at Law
P.O. Box 1532
Havre. MT 59501

Hon. Joseph P. Mazurek, Attorney General
Carol E. Schmidt, Assistant
215 N. Sanders, Justice Bldg.
Helena, MT 59620

David G. Rice
Hill County Attorney
P.O. Box 912
Havre. MT 59501

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
Deputy